## WILDE *vs.* HEXTER.

In an action in the nature of trover, where the complaint alleges the unlawful and wrongful taking and conversion of the plaintiff's property by the defendant, the plaintiff may be allowed to amend at the trial by adding to the complaint that the property was taken willfully and maliciously ; where the defendant does not show that he will be misled or prejudiced by the amendment.

Such a case falls under sections 169 and 170 of the Code, and is not a case of failure of proof within the meaning of section 172.

If the defendant makes it to appear that he is misled or surprised, the amendment can be allowed at the trial only upon terms ; usually, that the trial be postponed and the party asking the favor pay costs.

Wilde *v.* Hexter.

A witness cannot read from a memorandum as testimony, even when made by himself. He can refresh his recollection by looking at the writing, but he must then testify from his recollection.

Where a witness stated that a written memorandum or inventory of the articles for the conversion of which the action was brought, was a copy of a list made by himself; and before the inventory was read, he testified that the articles in the list were all in the place at the time of the occurrence complained of; *Held,* that this might have been his recollection, and being positively stated, it must be so understood; and the list was as good as his oral statement, if he recollected the articles.

In an action for the conversion of personal property, it is not erroneous for the judge to submit the question of malice in regard to the conversion, so as to allow the jury to inflict smart money with the damages; where the evidence shows the connection of the defendant with the acts committed by others, and justifies the conclusion of an unwarrantable interference with the plaintiff's property, and that the defendant acted willfully and maliciously, and the whole conversion and injury was with his procurement or concurrence.

APPEAL by the defendant from a judgment entered at a special term on the verdict of a jury.

LEONARD, P. J. This case was argued orally and submitted to two judges.

The action is in the nature of trover. The complaint alleges the unlawful and wrongful taking and conversion of the plaintiff's property by the defendant. At the trial, the plaintiff was allowed to amend by adding to the complaint that the property was taken willfully and maliciously, to which the defendant objected. The defendant made no affidavit that he was misled or prejudiced by the amendment. No new cause of action was added. It was not a case of failure of proof within the meaning of section 172 of the Code.

The case at the trial fell under sections 169 and 170 of the Code. If the defendant had made it to appear that he was misled or surprised, the amendment could have been allowed at the trial only upon terms ; usually, that the trial be postponed, and the party asking the favor pay costs.

VOL. L. 29

There was no ground of valid exception against the allowance of the amendment.

An objection was taken to the admission of a written memorandum or inventory of the articles for the conversion of which the action was brought.

The witness said it was a copy of a list made by himself. He was not enquired of, whether he recollected the articles, but the statement warrants that conclusion. No request was made to postpone the reading of the paper until the defendant's counsel had cross-examined the witness upon the subject of making the list, or of his recollection. The rule is correct that a witness cannot read from a memorandum as testimony, even when made by himself. He can refresh his recollections by looking at the writing, but he must then testify from his recollection. He proceeded further in his evidence, and before the inventory was read, he testified that the articles in the list were all in the place at the time of the occurrence complained of. This may have been his recollection, and as it is positively stated, I think it must be so understood. The list was as good as his oral statement, if he recollected the articles, and there is nothing tending to impair his positive statement. I think this objection was not well taken.

It is urged that the judge improperly submitted the question of malice in regard to the conversion, so as to allow the jury to inflict smart money with the damages.

It appeared that the defendant occupied a portion of the same building with the plaintiff, and had a steam boiler and engine there. Two persons entered the plaintiff's premises from the part occupied by the defendant, dressed as fireman, gave the alarm of fire, and at the same time the steam in the boiler was allowed to escape so as to fill the plaintiff's apartments. The plaintiff on rising was seized by the pretended firemen, and thrust out of the building, but he quickly returned, saw the defendant there, and was immediately arrested by a policeman and taken to the station house,

where the defendant made a complaint, apparently groundless, and caused his arrest for being drunk and disorderly. The defendant got possession of the key of the premises during the occurrence, retained the premises, and caused the plaintiff's goods to be put out.

This evidence was all material and properly admitted to show the connection of the defendant with the acts committed, and the character of the defendant's intentions. It appeared to justify the conclusion of an unwarrantable interference with the plaintiff's property, and that the defendant acted willfully and maliciously. He stood by and saw the injury done, and his manner and conduct in respect to the key, and the arrest, warrant the conclusion that the whole conversion and injury was with his procurement, or concurrence. These views also cover the defendant's objections to the admission of evidence of the plaintiff's arrest, and ejectment from the premises. No other objections were urged as grounds for reversal.

The judgment should be affirmed, with costs.

