RICHARD A. JONES

*vs.*

JOHN RAHILLY

A complaint alleging plaintiff's ownership and right of immediate possession of personal property described therein, its value, defendant's possession of it, a demand thereof by plaintiff of defendant, and the defendant's refusal to deliver the same, to plaintiff's damage in the sum of $1,000, though not in a commendable form, is a sufficient statement of a cause of action for a conversion of such property.

A bill of parcels, tending upon its face to show an absolute sale of personal property, may be shown to have been executed by way of security merely.

Under a complaint alleging ownership and right to immediate possession of personal property, a plaintiff, in proof of such ownership

Jones v. Rahilly.

and right, may show his purchase from a former owner of such property, who had pledged the same, and his redemption of the property by tendering to the defendant, the pledgee, the amount secured by the pledge thereof.

The defendant, under a general denial of plaintiff's ownership, may show that such tender was insufficient in amount to discharge his lien as pledgee.

Although personal property is transferred in fraud of creditors, if it be transferred in terms by way of pledge or security, it is redeemable by the party transferring the same, or by those claiming under him.

Where a debtor transfers property in fraud of creditors by an absolute sale of the same, he can neither reclaim it himself, nor confer upon any other person (creditor or not) a title to the same.

A simple contract creditor of such debtor, does not by a purchase from him after such fraudulent transfer, acquire any ownership or right of possession of such property.

Exemplary damages cannot be recovered in an action for the conversion of goods and chattels, where there was no wrongful taking of the same.

The plaintiff brought this action in the district court for Olmsted county, to recover the value of four horses and a buggy, alleged to be plaintiff's property and detained by defendant, with damages. Both parties claimed title to the property by purchase from one Reynolds. A trial was had before a jury, who found a verdict for the plaintiff. The defendant made a motion for a new trial, and from an order denying the same, he appeals to this court. The case, so far as the questions discussed and decided in the opinion are concerned, is fully stated therein.

Charles C. Willson for Appellant.

Stearns & Start for Respondent.

Jones v. Rahilly.

*By the Court*—BERRY, J.—The complaint in this action alleges plaintiff's ownership and right of immediate possession of the personal property therein described, its value, defendant's possession of it, a demand thereof by plaintiff of defendant, and defendant's refusal to deliver up the same to plaintiff's damage in the sum of $1,000.

Though not in the best form, we think this is a sufficient statement of a cause of action for a conversion of the property.

The complaint further alleges that " defendant wilfully, maliciously and fraudulently keeps and conceals said property, so that the same cannot be replevied or found by the plaintiff, whereby the plaintiff has been caused great care, labor and expense in searching for said property, and has been and is deprived of the use of the same, to his further damage in the sum of five hundred dollars."

These latter allegations do not have the effect of making this an action for *detaining* the property, rather than for *converting* it, as contended by the defendant.

As the case contains a full report of the testimony introduced, it appears that no evidence was offered under them except such as might tend to show the character and *manner* of the conversion. They possess, then, no practical importance in the case, except so far as concerns the question whether this *animus* and *manner* can affect the measure of damages, and this question may best be considered hereafter.

This being an action for the conversion of the property, it follows that the objections made by defendant to evidence of its value were properly overruled.

The other, and the principal questions in the case, arise upon the following state of facts:

Jones v. Rahilly.

Both parties claim title to the property in controversy from and under one James Reynolds. Two bills of parcels were introduced in evidence by defendant, running from Reynolds to him, and tending upon their faces to show a sale of the property by Reynolds to defendant.

A bill of parcels executed subsequently to those first mentioned, and running from Reynolds to plaintiff, was introduced by plaintiff, tending upon its face to show a sale of the property by Reynolds to plaintiff.

The plaintiff claimed that the sale to the defendant was not absolute, but that the property was conveyed to defendant by way of security merely, for certain indebtedness of Reynolds to him, defendant.

Plaintiff further claimed that after the sale to himself, he tendered to defendant the amount of said indebtedness, te wit, $145, and demanded the property, and that defendant declined to accept the tender or deliver up the property demanded.

Plaintiff was permitted to offer evideuce tending to show that the bills of parcels to defendant were executed by way of security merely, as above stated, to which defendant objected, upon the ground that the bills themselves were the best evidence of the bargain between the parties; that parol evidence could not be received to contradict them, and that under the pleadings the plaintiff could not prove that the property was conveyed to defendant by way of security merely. Had the bills of parcels been regular and formal bills of sale, the weight of authority is that parol testimony might properly be received to show that the sale evidenced by them was not absolute, but by way of security or pledge; the same rule applying to conveyances of personal property as to deeds of real estate. 3 *Sm. Lead. Cases* 626, *and cases cited*; *Belote vs. Morrison,* 8 *Minn.*

Jones v. Rahilly.

93; *Phenix vs. Gardner*, 13 *Minn.* 432; *Russell vs. South-ard*, 12 *How.* (*U. S.*) 139; *Hodge vs. Tennessee Marine and Fire Ins. Co.* 4 *Seld.* 419; *Chester vs. Bank of Kingston*, 16 *N. Y.* 343; *Smith vs. Beattie*, 31 *N. Y.* 542. And under our system of practice, blending law and equity, there would be no objection to the reception of such evidence in an action at law. *Despard vs. Walbridge*, 15 *N. Y.* 378.

But there is another and sufficient answer to the defendant's objection. The documents offered were not formal bills of sale, but bills of parcels, "not used or designed to embody and set out the terms and conditions of a contract of bargain and sale. They are in the nature of receipts, and are always open to evidence which proves the real terms upon which the agreement of sale was made between the parties." *Hazard vs. Loring*, 10 *Cushing* 268; *Harris vs. Johnson*, 3 *Cranch.* 311; *Filkins vs. Whyland*, 24 *N. Y.* 338; 2 *Gr. Ev.* § 305, *a*. And as is expressly held in *Hazard vs. Loring*, the transfer may properly be shown to have been by way of pledge or security. The defendant's objection was then rightly overruled.

The case further shows that the plaintiff introduced evidence tending to prove that after his alleged purchase of the property from Reynolds, he tendered to defendant the amount for which, as plaintiff claimed, the property was pledged to defendant by Reynolds. Defendant objected on the ground that no foundation for evidence of any tender was laid in the pleadings. We think that the objection was properly overruled.

The complaint alleged the plaintiff's ownership of the property, and his right to its immediate possession.

These allegations authorized the plaintiff to prove his ownership, and his right to possession, by showing how he

Jones v. Rahilly.

became owner, and entitled to possession; and if it was through a purchase from a former owner who had pledged the property, it was certainly competent, under his pleading, for plaintiff to show that he had redeemed the property by tendering to the pledgee the amount secured by the pledge of the same.

This is but to furnish evidence of his ownership and rignt to possession, and it is facts, not evidence of facts, which are required to be pleaded.

The defendant, on the other hana, offered evidence tending to show that the tender was insufficient in amount to discharge his lien.

Plaintiff objected, because no лien was pleaded in defendant's answer, and the testimony offered was rejected. The answer denied the plaintiff's ownership and right to possession, and if, as we have endeavored to show, it was proper for plaintiff, under his general allegation of ownership and title to possession, to show that he had tendered defendant the amount of his lien, it was equally proper for the defendant, under his general denial, to offer evidence to show that his lien exceeded the amount tendered, and that, therefore, the tender was insufficient to confer upon plaintiff the right to the possession of the property pledged.

Of course, however, the mere proof of a debt owing by Reynolds to defendant, would not be proof of a lien. Unless the case was such that a lien would be implied from the manner in which the debt originated, it would be necessary to show an agreement for a lien.

The plaintiff appears in this case to have placed his ownership of and right to the property in controversy, upon two grounds: one being, as already indicated, that the transfer to defendant was by way of pledge or security merely; that he, plaintiff, had purchased the property of

Reynolds subject to defendant's lien, and had discharged the lien by a tender.

As far as this ground is concerned, it is not important whether the transfer from Reynolds to defendant was fraudulent as to creditors or not, for even if the transfer were fraudulent as to creditors, and unimpeachable in favor of Reynolds against defendant, still by the terms of the transfer itself, the property would be redeemable by Reynolds, or those claiming under him. In other words, the property would not on account of the transfer pass to defendant absolutely, for the transfer was not absolute.

But as the defendant claims that the transfer to himself by Reynolds was absolute, the plaintiff rests his right to the property upon a second ground. There being evidence in the case tending to show that the transfer was fraudulent as to Reynolds' creditors, the plaintiff introduced evidence tending to prove that he, plaintiff, was at the time of his purchase from Reynolds a creditor of Reynolds, though not a judgment creditor; and he insists that the transfer to defendant was void as to him, plaintiff, as such creditor, and that, therefore, by his, plaintiff's, purchase from Reynolds, he acquired a title to the property as valid and complete as if such transfer had not been made at all.

There are several apparent, if not real, difficulties in this reasoning, all of which we need not stop to consider, for if, as defendant claims, the transfer to him by Reynolds was absolute, even though fraudulent, the title to the property passed to defendant *so* absolutely, that Reynolds could neither reclaim it himself, nor by any sale or transfer confer upon any other person—creditor or not—a title to the same.

The alleged purchase by plaintiff of Reynolds may therefore be laid out of view, and laying it out of view, it

Johes v. Rahilly.

requires no argument to show that the plaintiff cannot base a right to the ownership or possession of the property upon the fact that he is a simple contract creditor of Reynolds, and that the transfer to defendant was fraudulent against him as such creditor.

Without then taking up in detail the exceptions to the rejection of testimony, and to the charges and refusals to charge of the court having relation to this point, it is sufficient to say that the court below erred in holding that plaintiff, being but a simple contract creditor, could acquire an ownership or right of possession of the property conveyed by Reynolds to the defendant, in fraud of creditors, by a purchase or attempted purchase of the same from Reynolds after such fraudulent conveyance.

The other alleged errors assigned by defendant relate to the measure of damages.

In regard to the amount of the damages as affected by the sale by Reynolds of one of the horses to Emerson, it is only necessary to say, that if before plaintiff's rights attached, there was such a sale actually made, so as to transfer the property in such horse to Emerson, we do not perceive how the defendant could be held liable for the conversion of the horse so sold; and if there was any instruction given, which would make him liable under such circumstances, it was erroneous.

The court charged the jury, in substance, that the defendant would be liable to vindictive or exemplary damages, if he wilfully, maliciously and fraudulently took any active measures to deprive plaintiff of his property.

This charge has, we presume, relation to certain allegations of the complaint before referred to, and to certain testimony introduced thereunder for the purpose of showing the *charecter* and *manner* of the conversion.

The general rule of damages in trover is the value of the property converted, with interest; and it has been said and held that *special damages* beyond the value of the property may be recovered under proper averments and evidence. *Sedgwick on ∽amages, ch.* 19; *Bennett vs. Lockwood,* 20 *Wend.* 222; *Bodley vs. Reynolds,* 8 *Ad. & El. N. S.* 779; 2 *Gr. Ev.* § 276.

But the practical question in this case relates, not to the right to recover *special damages,* but to the right to recover punitory, vindictive, or exemplary damages.

As to this point, there are some authorities in support of the view that exemplary damages may be allowed where the action of trover is brought as a substitute for trespass, and is therefore based upon a wrongful *taking* and conversion, and the taking is of such a character that exemplary damages might have been recovered therefor if the action had been trespass. *Sedgwick on Damages,* 494–6: *Wilde vs. Hexton,* 50 *Barb.* 448.

·But whether this view be sound, or not, we find no authorities to sustain the position, that where trover is brought for conversion in a case in which there was no wrongful taking, exemplary damages can be recovered, while the contrary view has been repeatedly announced. *Sedgwick on Damages,* 494–6; 2 *Gr. Ev.* § 265.

In this case, then, where no claim of wrongful taking is made in the complaint, or evidence, the charge of the court was erroneous.

The order refusing a new trial is reversed.