## G. F. JOHNSON *vs.* A. W. FISCHER.

### January 26, 1883.

**Manufacturing Corporation—Enforcement of Individual Liability of Stockholders.**—*Allen* v. *Walsh*, 25 Minn. 543, followed and applied, as to the manner of enforcing the individual liability of a stockholder in a manufacturing corporation, in a case not falling within the provisions of Gen. St. 1878, c. 34, § 9. The action for that purpose must be in the nature of a suit in equity, prosecuted by, or in behalf of all creditors, and against the corporation and all the stockholders upon whom such liability rests.

Appeal by defendant from a judgment of the district court for Steele county, where the action was tried before *Buckham*, J., without a jury. The case is stated in the opinion.

*A. C. Hickman*, for appellant.

*Wheelock & Sperry*, for respondent.

The statute makes each stockholder liable to the amount of stock held or owned by him for corporate debts, and creates a right flowing directly from each stockholder to the creditor. The creditor has his remedy at law, and is not compelled to pursue his remedy in equity. *Van Hook* v. *Whitlock*, 3 Paige, 409; *Moss* v. *Oakley*, 2 Hill, 265; *Harger* v. *McCullough*, 2 Denio, 119; *Allen* v. *Sewall*, 2 Wend. 327; *Siminson* v. *Spencer*, 15 Wend. 548; *Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend. 473; *Corning* v. *McCullough*, 1 N. Y. 47; *Moss* v. *Averell*, 10 N. Y. 449; *Rosevelt* v. *Brown*, 11 N. Y. 148; *Garrison* v. *Howe*, 17 N. Y. 458; *Gebhard* v. *Eastman*, 7 Minn. 40, (56;) *Dodge* v. *Minn. Plastic Slate Roofing Co.*, 16 Minn. 327, (368;) *Paine* v. *Stewart*, 33 Conn. 516; *Bank* v. *Dallam*, 4 Dana, (Ky.) 574; *Perry* v. *Turner*, 55 Mo. 418; *Grund* v. *Tucker*, 5 Kan. 70; *Bayliss* v. *Swift*, 40 Iowa, 648; *Stewart* v. *Lay*, 45 Iowa, 604; *Norris* v. *Johnson*, 34 Md. 485; *Kennedy* v. *Gibson*, 8 Wall. 498; Thompson on Liability of Stockholders, §§ 266–277, 324.

DICKINSON, J.* This plaintiff recovered a judgment against the Meriden Mill Company, a manufacturing corporation, upon a debt

*Gilfillan, C. J., because of illness, took no part in this case.

contracted subsequent to the enactment of Laws 1878, c. 56, (Gen. St. 1878, c. 34, § 111,) imposing a personal liability upon the stockholders of such corporation. Execution upon such judgment having been returned unsatisfied, the plaintiff then commenced this action, as an action at law, against this defendant alone, who was a stockholder in the corporation, to recover the amount of such judgment. The capital stock of the corporation ($15,000) is held by 38 stockholders, which fact was set forth in the answer of defendant in this action, together with the names of such stockholders. It further appeared by the answer that the corporation was largely indebted to other persons than the plaintiff. The defendant prayed in his answer, among other things, that the other creditors of the corporation and the other stockholders be joined as parties; and subsequently defendant moved that the action be dismissed for non-joinder of such parties, and because the action was not prosecuted as a suit in equity. This being denied, the cause was tried by the court without a jury, and judgment was ordered in favor of the plaintiff. This appeal is from the judgment.

We are required to determine whether this action can be maintained, or whether the only remedy of the plaintiff to enforce the personal liability of the defendant for the debt of the corporation is an action in the nature of a suit in equity against all of the stockholders, and in which all of the creditors should be joined, or in which the plaintiff should prosecute in behalf of himself and of the other creditors. In the pleadings it is not alleged that the Meriden Mill Company was organized for manufacturing purposes; but this is found as a fact by the court, and in the argument of the question under consideration in this court counsel treated it as a fact, and we are not asked to regard the omission of the allegation in the pleadings. Hence we treat the case as though such fact had been alleged.

The law creating and defining the personal liability of stockholders in a manufacturing corporation for the corporate debts is as follows: "Each stockholder, in any corporation heretofore or hereafter formed or organized under any of the laws of this state for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him for corporate

debts hereafter contracted." Laws 1878, *c.* 56; embodied in Gen. St. 1878, *c.* 34, tit. 2, § 111.. The liability thus declared does not exist under the common law, nor, in respect to manufacturing corporations, has the constitution, since its amendment in 1872, imposed such liability. It exists only by force of the statute of 1878. At the time this statute was enacted a like liability rested upon stockholders in other corporations than those created for manufacturing or mechanical purposes, and two distinct statutes were in existence relating to the procedure for the enforcement of such liability. One of these statutes is found in Gen. St. 1878, *c.* 34, §§ 9 *et seq.*, and § 110. Section 9 provides: "The private property of each stockholder, in any corporation formed as herein provided, is liable for corporate debts in the following cases: *First,* for all unpaid instalments on stock owned by him, or transferred for the purpose of defrauding creditors; *second,* for a failure by the corporation to comply substantially with the provisions aforesaid as to organization and publicity; *third,* when he personally violates any of the provisions of this title in the transaction of any business of the corporation, as officer, director, or member thereof, or is guilty of any fraud, unfaithfulness or dishonesty in the discharge of any official duty." Prior to 1875 this section contained another subdivision, which was, "*fourth,* to the amount of the stock held or owned by him in all cases." Gen. St. 1866, *c.* 34, § 9. Sections 10 and 11 relate to the mode of enforcing this liability; and, as this statute was construed in *Dodge* v. *Minn. Plastic Slate Roofing Co.*, 16 Minn. 327, (368,) an action as at law was maintainable for that purpose. Subsequent to this decision, and by Laws 1875, *c.* 15, the *fourth* subdivision of section 9 was repealed, and the force of the decision, as indicating the nature of the action or proceeding to be thereafter pursued, must be confined to cases falling within the three remaining subdivisions. This case, as presented by the pleadings and findings of the court, cannot be brought within any of the subdivisions now in force; and that statute, we think, has nothing to do with this case.

The other statute relating to the remedy for enforcing the personal liability of stockholders, and which was in existence long prior to the passage of the act of 1878, extending such liability to manufacturing

corporations, is embodied in Gen. St. 1878, c. 76. Section 1 makes the provisions of that chapter to embrace "all corporations;" section 17 and the subsequent sections of the chapter relate to the instituting of proceedings by a creditor to charge the officers or stockholders on account of any liability created by law, and to the procedure therein. This statute was construed in *Allen* v. *Walsh*, 25 Minn. 543, as prescribing an action in the nature of an equitable suit, in which all persons interested in the subject of the action should be joined or properly represented. It was further held in that case, as one of the grounds of the decision, that the remedy so provided by statute was the exclusive remedy for enforcing the statutory liability of stockholders. The principle applied in that case, that when a statute which creates a right also prescribes an adequate remedy, the latter is to be taken as the exclusive remedy, is equally applicable here. It is true that chapter 76 existed prior to the act of 1878, and is not referred to therein, but that does not make the rule inapplicable. It is to be presumed that when, by the act of 1878, the legislature extended to stockholders of manufacturing corporations a similar liability to that before imposed upon stockholders in other corporations, it intended that such liability should be enforced by the means already specially provided for such cases, and which, by the terms of the statute, was applicable to "all corporations." *Coleman* v. *White*, 14 Wis. 700, 704. We think this case is controlled by *Allen* v. *Walsh*, and that the equitable action prescribed in chapter 76 is the exclusive remedy for enforcing the liability of a stockholder under the statute of 1878 (chapter 56) above recited. The same construction was given in *Coleman* v. *White, supra,* to a statute of Wisconsin similar to our chapter 76 above cited. This conclusion, however, is not to be understood as applying to cases falling within the provisions of section 9 (and 110) of chapter 34, above recited.

The judgment is reversed, and the cause remanded to the district court for such further proceedings therein as may be directed by that court.