MERCHANTS' NATIONAL BANK *vs.* BAILEY MANUFACTURING COMPANY
and others.

December 5, 1885.

**Corporation—Action to enforce Liability of Stockholders—Parties.—**
Under Gen. St. 1878, c. 34, §§ 9, 10, 11, a creditor of a corporation, such
as those provided for in the chapter, may sue the corporation for the
debt, and join as defendants one or more of the stockholders to enforce
their individual liability; and in such an action it is unnecessary to join
all the creditors of the corporation, or all the stockholders subject to in-
dividual liability.

Appeal by Gustav Willius and other defendants from an order of
the district court for Ramsey county, *Wilkin*, J., presiding, overrul-
ing their demurrer to the complaint.

In substance the complaint alleges the following facts: The plain-
tiff is a corporation organized and incorporated under the "National-
bank Act," and for more than three years last past the Bailey Man-
ufacturing Company has been and now is a corporation duly organ-
ized and incorporated under the provisions of Gen. St. 1878, c. 34,
title 2. On January 31, 1882, the Bailey Manufacturing Company
duly made and for value delivered to the plaintiff its certain promis-
sory note, whereby it promised to pay to plaintiff ten thousand dol-
lars, 60 days after said date, with interest at ten per cent. per an-
num until paid, no part of which note has been paid. At divers
other times in 1882, the defendant corporation made and delivered
to plaintiff certain other promissory notes which are past due and
unpaid, and plaintiff is also the owner and holder, by assignment,
of certain claims against the same company, for goods sold and de-
livered. In November, 1882, the plaintiff duly recovered judgment
against the defendant corporation upon the above notes and claims,
in the circuit court for the county of Dunn in the State of Wiscon-
sin, for the sum of $26,986.66, which judgment has not been ap-
pealed from, vacated or set aside, but remains of full force and is
wholly unpaid. The Bailey Manufacturing Company is hopelessly
insolvent, and has no property or effects of any kind excepting the

unpaid stock subscriptions hereafter mentioned. The capital stock of the Bailey Manufacturing Company amounts to $100,000, divided into 2,000 shares of $50 each, and was all subscribed for and issued prior to 1882. Each of the following named defendants, except defendant Coleman, subscribed for and owns one hundred shares of such stock, defendant Coleman having subscribed for and owning two hundred and ten shares, and the following amounts are still unpaid upon such stock by the following defendants, viz.:

| | | | | | |
|---|---|---|---|---|---|
| Gustav Willius | - | - | - | - | - $2,000 |
| Ferdinand Willius | - | - | - | - | 2,000 |
| Claus M. Dittman | - | - | - | - | - 2,000 |
| W. S. Alexander | - | - | - | - | 2,000 |
| Jas. W. Doran | - | - | - | - | - 2,000 |
| Ed. C. Coleman | - | - | - | - | 4,200 |
| Geo. H. Spencer | - | - | - | - | - 5,000 |
| John W. Burdick | - | - | - | - | 2,700 |
| Frank B. Clarke | - | - | - | - | - 3,000 |

The prayer for relief is that plaintiff have judgment against the Bailey Manufacturing Company for $26,986.66 and interest; that the individual liability of the other defendants for unpaid instalments upon stock be ascertained and determined, and, upon failure of the defendant corporation to pay the judgment or the execution issued thereon, or upon failure of the proper officers of such defendant corporation to point out to the officer holding such execution sufficient property of such corporation upon which to levy and out of which to satisfy the same, then that such execution be levied upon so much of the private property of the other defendants as may be necessary and requisite to satisfy and discharge their respective individual liabilities, as the same shall be ascertained and determined in this action.

*John B. & W. H. Sanborn*, for appellants.

*C. E. & A. G. Otis*, for respondent.

GILFILLAN, C. J. The plaintiff, a creditor of the corporation defendant, sues it for the debt, and joins the other defendants, subscribers to and holders of its capital stock, to have determined and

enforced their liability to creditors for the unpaid instalments on their stock. Some of the stockholder defendants demur to the complaint on two grounds: That there is a defect of parties defendant, and that no cause of action was stated against them. As to the latter ground two propositions are made: *First,* that there is no joint liability, the liability of the stockholders being several, or each for himself alone. This will be disposed of in considering the first ground of demurrer. *Second,* that no action against stockholders to enforce liability for unpaid instalments on stock lies till judgment and execution returned unsatisfied, in whole or in part, against the corporation. In the case of a debt, (without saying how it would be in case of an action in tort,) there is no warrant in the statute, either in the provisions of chapter 34 or chapter 76, for this proposition.

To sustain the ground of demurrer that there is a defect of parties defendant, the defendants claim that the plaintiff's only remedy to enforce the liability against them is an action under chapter 76, in the nature of a suit in equity against all the stockholders, in which all the creditors should be joined as plaintiffs. Although it is not clear from the complaint that there are other stockholders than the defendants subject to liability on account of unpaid instalments on stock, we shall, for the purpose of deciding the question presented, assume that there are. That question is, do the provisions of Gen. St. 1878, *c.* 34, allow the creditor of a corporation included within it to bring an action in the nature of an action at law against the corporation, to establish the debt, and join in it one or more, though not all, of the stockholders, for the purpose of enforcing against him or them the individual liability for the corporation debts? It has not been directly decided by this court. In *Dodge* v. *Minnesota Plastic Slate Roofing Co.,* 16 Minn. 327, (368,) the action was under chapter 34, but there had been a judgment for the debt rendered against the corporation in a prior action, and the point made was that the liability of the corporation and stockholders was joint and was merged in the judgment. The court overruled the point. In *Johnson* v. *Fischer,* 30 Minn. 173, the corporation was not one of those provided for in chapter 34, and it was therefore held that the

action should have been brought under chapter 76, and not chapter 34. In both of these cases it is assumed or taken for granted that chapter 34 does provide a remedy to the creditor in the case of corporations coming within it. But the point not being directly involved, what is said in the opinions does not have the force and effect of a decision. In *Allen* v. *Walsh*, 25 Minn. 543, the corporation was an insolvent bank. The provisions of chapter 34 do not apply to banks, and the court therefore held that no action could be maintained under that chapter, but that it should have been brought under chapter 76, which applies to all corporations.

The sections of chapter 34 necessary to consider are the ninth, tenth, and eleventh. Section 9 merely defines the liability. Sections 10 and 11 are as follows:

"Sec. 10. The private property of no stockholder shall be levied on under the preceding section unless such stockholder, as well as the corporation, is duly served with process in the action, and the issue involving his individual liability, as aforesaid, raised and determined; and in no case whatever shall such property be levied on while sufficient corporate property can be found to satisfy the execution, or any part thereof.

"Sec. 11. The officer holding an execution which may be levied on private property, as aforesaid, shall make demand of payment thereon of the president, secretary, or some officer of the corporation, acting, or who was one of the last acting officers thereof; and if he does not forthwith pay said execution, or point out corporate property that may be levied on, the officer shall indorse the fact of such demand, refusal, or neglect upon said execution, and thereupon may levy the same upon the private property of the stockholder served and impleaded as aforesaid. Such levy may be made to satisfy any balance due upon the execution after levy upon corporate property, or part-payment out of corporate funds."

These sections imply an action in which the corporation and the stockholder or stockholders sought to be held must be both served with process, so that judgment may be rendered against each, and in which, in addition to the issue against the corporation, there shall be the issue against the stockholder involving his individual liability,

both the fact and the amount of it, raised and determined, and, of course, a judgment upon such issues,—a money judgment, to be enforced in the usual way by execution. They also indicate that the plaintiff may thus proceed against a single stockholder, or that he may join several, for the execution may be levied only on "the private property of *the stockholders served and impleaded as aforesaid.*" If he should join several, but get service on only a part of them, the judgment, of course, could be rendered against only those served. The judgment, it is evident, must be against the corporation for the whole debt, and must determine for how much each stockholder served and proceeded against is liable. There is nothing in the sections to suggest that the action may not be brought by a single creditor on his own behalf. Proceeding according to these sections, no account of the property or debts of the corporation is required to be taken, nor any inquiry as to its pecuniary condition, except that the officer having the execution is to ascertain, in the manner specified, *i. e.,* by application to the officers of the corporation, if it has property on which he can make a levy. If none is pointed out, then, no matter how much property it may in fact have, the execution is enforced against the property of the stockholder, within the limits of his liability as adjudged.

In the action or actions authorized by chapter 76, there is no suggestion of proceeding upon execution in the manner prescribed in chapter 34. Those seem to be rather in the nature of actions to wind up the affairs of a corporation, to collect and convert all its assets, and appropriate them ratably among its creditors, and to enforce the liability of stockholders to the extent of any deficiency of assets,—actions not proceeding in the ordinary way of actions at law by trial of simple issues, judgment, and execution, but by the exercise of powers peculiar to the former court of chancery, by sequestration, appointment of receivers, taking of accounts of debts and assets, etc. Thus, upon the return unsatisfied of an execution against a corporation, there are provisions for sequestration of its stock, property, things in action, and effects, and the appointment of a receiver, (section 9;) and in such case for a *pro rata* distribution of its property among its creditors. Section 10. It provides for actions to dis-

solve railroad corporations, and to forfeit their charters for overcharging, etc., or violation of their charter or any law binding upon them, or when they have remained insolvent for one year, etc., the action to be brought by the attorney general, (section 11;) for actions to restrain banking or insurance corporations for certain causes, (section 12,) and to forfeit their charters. Section 13. In the actions provided in these three sections, the court may appoint receivers to collect the assets of the corporation, (section 14;) and, on the application of a creditor, the directors and stockholders may be brought in as defendants. Sections 15, 16. Section 17 seems to imply that a creditor may bring an independent action to enforce the liability of officers or stockholders, but we will not say that in that action it is not necessary to join the corporation as defendant. In such action the court shall, when necessary, take an account of debts and assets, and appoint receivers, (section 18;) and if the answer or the account taken shows that the corporation is insolvent and has no property, the court may, without appointing a receiver, render judgment against the officers or stockholders to enforce their liability. Section 19. In such actions the court shall, by its final judgment, make distribution of the assets among the creditors. Section 20. In all actions in which officers or stockholders are parties, and a judgment is rendered, if the property of the corporation is insufficient to discharge its debts, the court shall compel each stockholder to pay in the amount due and unpaid on the shares held by him, or so much thereof as is necessary to satisfy the debts of the company. Section 21. Section 22 is to the same purport. Section 23 authorizes the court, in any action under the chapter against a corporation, its officers or stockholders, to require all creditors to exhibit their claims, or be precluded from all benefit of the judgment and distribution thereunder.

We have examined thus at large the provisions of chapter 76, to ascertain the character of action therein intended, and to determine if the action indicated in chapter 34 is of the same character, and must be instituted and proceeded with in the same manner, as is provided in the other chapter. From our comparison of the two chapters we are satisfied that the action indicated in chapter 34 is

not such as is provided for and regulated in chapter 76,—is not an action to reach all the assets of the corporation, and all liabilities for its debts,—but is intended to establish in the ordinary way the debt against the corporation, and, in case it is not paid, and cannot be satisfied in the ordinary way by levy on its property, to extend it to the liability of such stockholders as the plaintiff may choose to join with the principal defendant; an action which, so far as the stockholder defendant is concerned, is somewhat in the nature of a garnishment,—an action which may be brought against any solvent active corporation, and which may be prosecuted to satisfaction without interfering with its continuing its business, and which will afford to the creditor a speedy, convenient, and effectual remedy for enforcement of his debt.

It follows that this action is well brought, and the order appealed from is affirmed.