WINNEBAGO PAPER MILLS v. NORTHWESTERN PRINTING AND PUBLISHING COMPANY and Others.[1]

June 17, 1895.

Nos. 9479—(166).

**Corporation—Double Liability of Stockholders.**
> The remedy for enforcing the constitutional or double liability of stockholders of a corporation is that provided by G. S. 1894, §§ 5889–5911, and it is the only remedy.

**Judgment of Dismissal—Costs.**
> Where there are a trial of the cause, findings of fact, and conclusions of law, upon which a judgment of dismissal is entered for the defendant, it is a judgment on the merits, within the meaning of G. S. 1894, § 5498, subsec. 4, so as to entitle the defendant to $10 costs.

Appeal by plaintiff from a judgment of the district court for Hennepin county, entered in pursuance of an order for judgment by Smith, J. On application of defendant Tousley costs, including $10 statutory costs, were taxed by the clerk, notwithstanding plaintiff's objection, in favor of said defendant. Afterwards on application of defendants Trubey and Kelly, costs, including $10 costs, were taxed by the clerk, notwithstanding plaintiff's objection, in favor of said defendants. On appeal by plaintiff from the taxations, the court, Russell, J., affirmed the taxation as to defendant Tousley and modified the taxation as to defendants Trubey and Kelly, by striking out the item of statutory costs. Affirmed.

*C. E. Brame,* for appellant.
*Wilkinson & Traxler,* for respondent Tousley.
*James N. Barnes,* for respondent Trubey.

START, C. J. It is admitted by appellant that this action is brought under the provisions of G. S. 1894, §§ 2600–2602, to recover a judgment against the defendant corporation upon certain promissory notes made by it, and to ascertain and enforce for the plaintiff's sole benefit the individual liability of the defendant stockholders for unpaid instalments upon their stock subscriptions, and "for

[1] Reported in 63 N. W. 1024.

the amount due by reason of any stock held by any of such defendants." The trial court found that the defendant Kelly never was a stockholder; that the defendants Trubey and Tousley were each such stockholders at the time the notes were given, but that their stock had been paid for in full; that there were other stockholders within the jurisdiction of the court; that there was no evidence that the plaintiff was the only creditor of the defendant corporation which was insolvent; and, as a conclusion of law, that the action be dismissed as to such defendants. Judgment was so entered, from which the plaintiff appealed.

The defendants paid all instalments of stock subscriptions, and as no action to enforce against them the constitutional or double liability could be maintained under the provisions of G. S. 1894, c. 34, it follows that the action was properly dismissed. The remedy for enforcing such double liability of stockholders is that provided by G. S. 1894, c. 76, §§ 5889–5911, and it is the exclusive remedy. Allen v. Walsh, 25 Minn. 543; Johnson v. Fischer, 30 Minn. 173, 14 N. W. 799; McKusick v. Seymour, Sabin & Co., 48 Minn. 158, 50 N. W. 1114. Neither the allegations of the complaint nor the findings of the court bring this case within the provisions of chapter 76. The cases relied on by the plaintiff are not in point. Since the decision in the case of Dodge v. Minnesota Roofing Co., 16 Minn. 327 (368), the statute upon which it was based has been materially amended. Johnson v. Fischer, supra. The case of Merchants' Nat. Bank v. Bailey Manfg. Co., 34 Minn. 323, 25 N. W. 639, was an action to enforce payment of the plaintiff's claim out of the unpaid instalments of stock subscriptions, and not to enforce the double liability, if it existed in that case.

The costs, as modified by the court, were properly taxed. Where there are a trial of the cause, findings of fact and conclusions of law by the court, and judgment of dismissal based thereon, it is a judgment on the merits, within the meaning of G. S. 1894, § 5498, subsec. 4, so as to entitle the defendant to $10 statutory costs.

Judgment affirmed.