### EAU CLAIRE NAT. BANK v. BENSON.

(Circuit Court of Appeals, Seventh Circuit. January 5, 1904.)

No. 845.

1. RES JUDICATA—CONCLUSIVENESS OF JUDGMENT OF STATE COURT—CONSTRUING LAWS OF ANOTHER STATE.

Where a state court determined, either as a question of law or fact, that a suit therein to enforce the statutory liability of a stockholder of a corporation of another state could not be maintained under the laws of the latter state, which, as construed by its Supreme Court, gave a right of action only to the creditors as a body against the stockholders as a body, and thereupon dismissed the action on the merits, its judgment was conclusive on the parties, and a second action by the same complainant against the same defendant on the identical cause of action cannot be maintained in a federal court.

Appeal from the Circuit Court of the United States for the Western District of Wisconsin.

The case was heard in the Circuit Court on demurrer to the bill and amended bill. The demurrer being sustained, the bill and amended bill were dismissed. From the decree of dismissal the appeal is prosecuted.

The bill is to enforce the liability of appellee, as a stockholder in the Minnesota Elevator Company, a corporation organized August 16, 1883, under the laws of Minnesota, and doing business in that state. The Elevator Company ceased to do business September 2, 1884, when a voluntary assignment was made under the laws of Minnesota, and all its property distributed, through one of the state district courts, among all the creditors who filed their claims and releases under the Minnesota insolvency act.

The appellant is a national bank, located at Eau Claire, in the state of Wisconsin, and on October 8, 1883, loaned to the Minnesota Elevator Company two thousand dollars, and on October 22, 1883, the further sum of two thousand dollars, both loans being evidenced by promissory notes, bearing interest at the rate of ten per cent. No part of these notes, either interest or principal, has been paid.

The appellee, at the dates of these loans, was the owner of thirteen thousand dollars par value of the stock of the corporation, and continued to be such owner until December 15, 1883, when the stock was sold and transferred.

Liability is claimed under the following provision of the constitution of Minnesota then and still in force: "Each stockholder in any corporation (except those organized for the purposes of carrying on any kind of manufacturing or mechanical business) shall be liable to the amount of stock held or owned by him."

---

¶ 1. See Judgment, vol. 30, Cent. Dig. § 1508.

The bill shows that on December 20, 1884, judgment was recovered upon these notes, by the appellant against the Minnesota Elevator Company, in the Circuit Court of the United States for the District of Minnesota, and, an execution having been issued thereon, was returned nulla bona, December 22, 1884, a date preceding the commencement of this suit.

The bill further shows that there were some ten or eleven other stockholders, holding in the aggregate nearly two thousand shares of stock, of the par value of nearly one hundred thousand dollars; that all of these stockholders are non-residents of Wisconsin; that none, except appellee, have been found in Wisconsin; that two of them were dead; that all of them except five are insolvent; and that of these five (holders of about thirty-five thousand dollars, par value) there is no showing that they were either solvent or insolvent.

The bill further shows that November 18th, 1897, suit was brought in the Circuit Court of Eau Claire County, Wisconsin, by appellant against appellee, to recover upon the indebtedness upon which this suit is founded, and based upon the same facts upon which this suit proceeds. In this suit in the state court appellee answered, setting forth, among other defenses, the constitutional and statutory provisions of Minnesota and the decisions of the Supreme Court of Minnesota interpreting the same, wherein it is held that the liability of one is enforceable only in the District Courts of Minnesota in a general suit of settlement on behalf of all the creditors and against all the stockholders; that there had been no such general suit of settlement in any District Court of Minnesota as determined the right of the creditors and the liability of the stockholders; wherefore no liability against appellee in favor of appellant could be enforced in the courts of Wisconsin. In addition to this, the statute of limitations of both Wisconsin and Minnesota were pleaded in bar.

Issues of fact and law having been taken upon these contentions, the Circuit Court of Eau Claire County found, that under the constitution and laws of Minnesota the liability is of all the stockholders to all the creditors; that each stockholder is liable only for such proportion of the total debts of the corporation as the stock held by him bears to the total stock held by the solvent stockholders; that a suit to enforce such liability must be in equity in one of the District Courts of the state of Minnesota, and can be enforced nowhere else than in such District Court; that the action was not brought within six years from the time the alleged causes of action or any thereof mentioned, accrued in favor of plaintiff against the defendant; and, as a general conclusion, that the plaintiff could not maintain such action at that time in that court. Thereupon a judgment was entered "That the plaintiffs complaint herein be, and the same hereby is, dismissed," and for costs. On appeal to the Supreme Court of the state of Wisconsin, this judgment was affirmed. The question here is whether the demurrer to the bill was rightly sustained by the United States Circuit Court.

H. B. Walmsley, for appellant.

C. T. Bundy, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge, after the foregoing statement of facts, delivered the opinion of the court.

The Supreme Court of Minnesota has interpreted the constitutional provision quoted, and the Minnesota legislation in pursuance thereof, to the effect that a suit to enforce stockholders' liability must be brought in one of the District Courts of Minnesota and must be in the nature of a suit in equity, prosecuted by, or on behalf of, all the creditors against the corporation and all the stockholders. Allen v. Walsh, 25 Minn. 543; Johnson v. Fischer, 30 Minn. 173, 14 N. W. 799; In re Martin's Estate, 56 Minn. 420, 57 N. W. 1065. These cases hold that under the Minnesota constitutional provision the stockholders are liable as a body to the creditors as a body, the object being to create a fund to the extent of such liability for the benefit of all the cred-

itors. A suit by a single creditor, therefore, against the stockholders would not lie, for the fund might be exhausted in favor of a single creditor. A suit by all the creditors, or by a, single creditor on behalf of all the creditors, against a single stockholder would not lie, for the stockholder thus sued might be compelled to contribute more than his just proportion of the amount remaining due. The suit must be in the nature of a general settlement wherein the right of each creditor may be settled, the liability of each stockholder determined, the fund resulting being thereby ratably contributed by stockholders, and ratably distributed among creditors.

Whatever might have been our ruling, had the questions herein presented come to us at first instance, it is plain to us that the Wisconsin courts have in the suit set forth in the bill ruled, as a matter either of law or of fact, that in view of the Minnesota constitution and statutes, as interpreted by the Minnesota courts, appellant could not enforce liability against the appellee in any court outside the appropriate District Courts of Minnesota, or in any suit to which the corporation, the stockholders and the creditors were not parties. The judgment entered in the Wisconsin state court, and affirmed by the Supreme Court, is not shown to have been one of non-suit. Its effect, under the findings, is one of dismissal on the merits. The judgment thus rendered, whether of law or of fact, was by a validly constituted court, having jurisdiction of the cause. The parties in that suit were the same as the parties in this suit. The causes of action in the two suits were identical, and the points passed upon were the same. Questions thus determined, whether they be questions of law or of fact, become, as between the same parties respecting the same subject matter, the law and the fact of the controversy; and cannot afterwards be litigated by new proceedings, either before the same or any other tribunal. This is applicable to federal courts, as well as to state courts; for although the federal courts and the state courts are organized under distinct governmental authority, their judgments are not to be treated as foreign judgments, but as the judgments of concurrent courts, giving to each the full faith and credit that is to be accorded to courts of record within the state. Tioga Railroad Company v. Blossburg Railroad Company, 20 Wall. 137, 22 L. Ed. 331. The demurrer was rightly sustained and the decree below must be affirmed.