GEORGE W. SIGNOR TIE CO. v. MONETT & S. W. CONST. CO. et al.

(District Court, E. D. Missouri, E. D.     August 14, 1912.)

CORPORATIONS (§ 265*)—INSOLVENCY—LIABILITY OF STOCKHOLDERS FOR UN-
    PAID SUBSCRIPTIONS—SUIT BY SINGLE CREDITOR.

> Where there are a number of creditors of an insolvent corporation
> having no corporate assets. a single creditor cannot maintain a suit in
> equity against the stockholders to collect unpaid subscriptions for his
> benefit alone; but a bill must be filed by all the creditors, or in behalf
> of all who wish to join.

> [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1101–1125,
> 2275; Dec. Dig. § 265.*

> Stockholders' liability to creditors in equity, see notes to Rickerson-
> Roller Mill Co. v. Farrell Foundry & Mach. Co., 23 C. C. A. 315; Scott
> v. Latimer, 33 C. C. A. 23.]

In Equity. Suit by the George W. Signor Tie Company against the
Monett & Southwestern Construction Company and others. On de-
murrer to bill. Sustained.

The complainant seeks by this bill to recover from the defendant stock-
holders of their codefendant, the Monett & Southwestern Construction Com-
pany, which will be hereafter referred to as the Construction Company. un-
paid subscriptions alleged to be due from them to the corporation, and also
from the directors of the Construction Company for false and fraudulent
statements in their articles of incorporation, in which they stated on their
oaths that the stock had been fully paid up, when in truth and in fact only
about 25 per cent. had been paid in by the stockholders.

The material allegations in the bill, so far as it is necessary to state them
for a proper understanding of the case, are: That the Construction Company
was organized under the laws of the state of Missouri, for the purpose of
general contracting and the construction of railroads, and for other pur-
poses; that the Construction Company purchased from the complainant
$100,000 Missouri Pacific Railway mortgage bonds, for which it agreed to
pay the sum of $72,000, of which $40,000 was paid in cash, and for the bal-
ance it executed its promissory notes, depositing with the complainant, as
collateral security for the payment of these notes, first mortgage bonds of
the Construction Company; that, at the time these negotiations were had
between the parties, the president of the Construction Company represented
to complainant that the capital stock of the company, amounting to $150,000,
was fully paid up, and this also appeared from the articles of incorporation
filed with the Secretary of State of the state of Missouri, which were
verified by the directors of the company, who are among some of the de-
fendants in this cause; that complainant also sold to the Construction Com-
pany ties of the value of $5,484.20, which sum is wholly unpaid; that on
the 5th day of December, 1910, the St. Louis & Oklahoma Railway Company
filed its bill in equity in the Circuit Court of the United States for the
Eastern District of Oklahoma, alleging the insolvency of the Construction
Company, and asking for the appointment of a receiver, making the Mercan-
tile Trust Company, which was trustee under the mortgage of the Construc-
tion Company, a party defendant; that, default having been made in the
payment of the interest on the mortgage bonds, the Trust Company, at the
request of the holders of the bonds, filed its cross-bill for the purpose of
foreclosing the mortgage; that a receiver was appointed by that court, and
a final decree rendered directing the foreclosure of the mortgaged property,
and which constituted all the property of the Construction Company subject
to execution; that the property was sold by the master in chancery, and the

amount realized was only sufficient to pay the expenses of the receivership and some preferred claims, leaving all of the mortgage bonds and complainant's judgment for $5,484.20 wholly unpaid; that in that proceeding the complainant filed its claim for the amount due to it for the sale of the ties, which was allowed by the court as an unsecured claim against the Construction Company, but nothing was ever received on that claim by complainant; that the Construction Company is wholly insolvent, and has no property whatever subject to execution, except the unpaid stock subscriptions due from its codefendants.

The bill further alleges that the indebtedness of the Construction Company to various creditors exceeds $100,000, and that the bill is filed by complainant for its own benefit solely, and not for the benefit of any of the other creditors.

To this bill the defendants filed their separate demurrers, upon the ground that there is no equity in the bill, and that it is multifarious.

Masterson Peyton and Carter, Collins, Jones & Barker, for complainant.

George Hubbert, for defendants.

TRIEBER, District Judge (after stating the facts as above). In view of the conclusions reached by the court, it is unnecessary for it to determine whether the bill is multifarious, or whether a creditors' bill can be maintained by a creditor who has recovered a judgment for part of his debt in a court of a foreign jurisdiction. But, see, as to that point, National Tube Works Co. v. Ballou, 146 U. S. 517, 13 Sup. Ct. 165, 36 L. Ed. 1070. Nor is it necessary to decide in this case whether, when it is charged in the bill that the corporation has no property whatever subject to execution, the truth of which is admitted by the demurrer, an execution must first be issued and returned nulla bona, before a creditors' bill can be maintained.

The law has been well settled by a long line of decisions of the Supreme Court of the United States and the national courts generally, where there are a number of creditors, that a single creditor cannot maintain a bill in equity against the stockholders of an insolvent corporation, having no corporate assets, to collect unpaid subscriptions from the stockholders, and thus enable him to secure payment of his own debt to the exclusion of the other creditors.

A bill must be filed either by all the creditors, or in behalf of all the creditors who desire to make themselves parties to the action, and, if necessary, contribute their proportion of the expenses of the litigation. Pollard v. Bailey, 20 Wall. 520, 22 L. Ed. 376; Terry v. Little, 101 U. S. 216, 25 L. Ed. 864; Brower v. Lynde, 106 U. S. 519, 1 Sup. Ct. 432, 27 L. Ed. 265; Johnson v. Waters, 111 U. S. 640, 4 Sup. Ct. 619, 28 L. Ed. 547; Handley v. Stutz, 139 U. S. 417, 11 Sup. Ct. 530, 35 L. Ed. 227.

Counsel for complainant in their brief refer to the statutes of Missouri, and to the decisions of the Supreme Court of that state construing those statutes, for the purpose of maintaining their contention that a single creditor may maintain an action of this nature. There are no allegations in the bill which indicate that this action is brought to enforce a liability under the statutes of that state; but, on the contrary, all the allegations in the bill show that it is an ordinary creditors' bill

brought in conformity with the principles and practice of equity courts.

The demurrer to the bill will be sustained, with leave to the complainant to amend it within 30 days of the entry of the decree herein.