SECOND NAT. BANK OF ERIE v. GEORGER et al.

(District Court, W. D. New York. December 4, 1916.)

1. CORPORATIONS ⬥═216—LIABILITY OF STOCKHOLDERS—LAW GOVERNING.

In a case involving the contractual liability of a stockholder, the statutes and decisions of the highest court of the state where the company was organized govern and control the controversy.

2. COURTS ⬥═342—JURISDICTION OF FEDERAL COURTS—STATE STATUTE CREATING EQUITABLE REMEDY.

The equity jurisdiction of the federal courts is not affected by state legislation providing an equitable remedy for the enforcement of stockholder's liability, but, to authorize relief in such a controversy by a federal court, there must be original ground of equity jurisdiction.

3. COURTS ⬥═489(10)—JURISDICTION OF FEDERAL COURTS—SUITS AGAINST STOCKHOLDERS.

Gen. St. Minn. 1913, §§ 6645–6648, providing for recovery from stockholders of insolvent corporations, does not supersede the equitable remedy for the enforcement of such liability, where stock was illegally issued without full payment, and a suit for that purpose in behalf of all such conditions may be maintained in a federal court of equity.

4. ACTION ⬥═35—STATUTORY REMEDIES—WHEN NOT EXCLUSIVE.

A statutory remedy for the enforcement of liabilities not created by statute is not exclusive.

5. CORPORATIONS ⬥═265(1)—SUIT AGAINST STOCKHOLDERS—PARTIES.

A bill by creditors of an insolvent corporation to recover from a stockholder on the ground that the stock was issued to him at less than par is not defective because it does not join other stockholders, who also acquired their stock for less than par, where it does not disclose that there are such other stockholders within the jurisdiction of the court.

In Equity. Suit by the Second National Bank of Erie against Eugene A. Georger and the Huron Iron Mining Company. On motion to dismiss bill. Denied.

See, also, Courtney v. Croxton, 239 Fed. 247, 152 C. C. A. 235.

Morey, Bosley & Morey, of Buffalo, N. Y. (Joseph H. Morey, of Buffalo, N. Y., of counsel), for plaintiff.

Strebel, Corey, Tubbs & Beals, of Buffalo, N. Y. (Carlos C. Alden and Warren Tubbs, both of Buffalo, N. Y., of counsel), for defendant Georger.

HAZEL, District Judge. This is a suit in equity by a judgment creditor on behalf of himself and certain other creditors of the defendant, Huron Iron Mining Company, a citizen of Minnesota, to recover from the defendant Georger, a citizen of New York, the par value of the capital stock of the mining company acquired by him by subscription for less than par under an agreement that it was to be full-paid and nonassessable. It appears that in the year 1913 the corporation was adjudged bankrupt, and as the assets were insufficient to pay the creditors in full, an action was brought by the trustee in

bankruptcy in this district against Georger to recover the difference between the par value of the stock and the amount paid for it. It was held by this court, however, that the agreement for the sale of the stock at less than par was binding upon the corporation, that the difference in price between the par value and the amount actually paid in was not a corporate asset, and that accordingly the trustee in bankruptcy had no legal or equitable right to maintain such an action. Courtney v. Georger (D. C.) 221 Fed. 504, affirmed 228 Fed. 859, 143 C. C. A. 257. That decision was based upon the Minnesota Revised Statutes of 1905, section 2878 (re-enacted in 1913, section 6193) which provides that:

"No corporation shall issue any shares of stock for a less amount to be actually paid in than the par value of those first issued."

The quoted provision was interpreted in Hospes v. Northwestern Thresher Co., 48 Minn. 174, 50 N. W. 1117, 15 L. R. A. 470, 31 Am. St. Rep. 637, to mean substantially that the liability of a stockholder who subscribes or purchases shares of stock under an agreement with the corporation issuing the stock to pay therefor a less amount than the par value is predicated upon implied fraud as to subsequent creditors, who extended credit in reliance upon full payment of the stock.

The bill alleges substantially that the sale of stock to the defendant Georger was fraudulent and void by the laws of Minnesota, and that he was therefore liable in equity to pay into court for the benefit of those who became creditors subsequent to the alleged acquirement of the stock an amount not exceeding $135,000, the difference between the par value of the stock acquired by him and the $15,000 paid for it.

[1, 2] There was dispute at the hearing as to whether the right of plaintiff herein and the asserted liability of the individual defendant were determinable upon the law and decisions of the state courts of Minnesota, or whether the statute law, sections 6645–6648, G. S. 1913, of that state, alone applied. There is no doubt in my mind that in case of contractual liability of a stockholder, the statutes and decisions of the highest court of the state where the company was organized govern and control the controversy. The United States Statutes provide that state statutes and decisions, in so far as they apply, are to be adopted in federal courts save as to proceedings in equity and admiralty, which are expressly excluded. U. S. R. S. § 914 (Comp. St. 1916, § 1537). While this court is not bound by the decisions of the state courts in the equitable disposition of controversies, I nevertheless think a case is presented for measuring the jurisdiction of this court by that of the state court of Minnesota if the parties were before it. The equity jurisdiction of the federal courts and the mode of administering it are uniform throughout the United States, and are not affected by state legislation providing an equitable remedy for the enforcement of stockholder's liability. To afford relief in such a controversy in this court there must be original ground for equitable relief. Alderson v. Dole, 74 Fed. 29, 20 C. C. A. 280.

[3] The General Statutes of Minnesota, §§ 6645–6648, provide for ascertainment by any creditor, receiver, or assignee of outstanding ob-

ligations of the insolvent corporation, and for a ratable assessment upon stockholders and equitable apportionment of the fund among all the creditors. In such a situation regard is had to the nature of the liability that is to be enforced, i. e., whether it arose from contractual obligations, such as failure to make agreed payment of the stock, or from assessment thereon, or from the dual liability of stockholders by which they are required to pay an additional amount equal to the value of their holdings, as prescribed by statute, or whether the stockholder's liability is separate and independent of other stockholders. In Minnesota, the liability in the latter case is equitable in its nature, and the right to enforce it inures only to those becoming creditors subsequent to the issuance of the stock believing that the stock was fully paid for at its par value. The Minnesota statute does not supersede the equitable remedy for the enforcement of liability arising from the implied fraudulent issue of stock. The right of creditors to proceed in conformity with the principles and practice of a court of equity is not destroyed or affected by it. Northwestern Railroad Co. v. Prior, 68 Minn. 95, 70 N. W. 869; Van Norden v. Morton, 99 U. S. 378, 25 L. Ed. 453; Hornor v. Henning, 93 U. S. 228, 23 L. Ed. 879, cites Hospes, supra.

The decision in the Hospes Case clearly determines that purchase of original stock for less than par is deceptive and fraudulent as to subsequent creditors who were not apprised of the facts. Even though the equitable remedy is of unusual application, as contended, or that similar liabilities are never enforceable in equity in other jurisdictions, owing to different statutory liability, I nevertheless entertain the opinion that the Hospes Case, which was approved in Wallace v. Carpenter, 70 Minn. 321, 73 N. W. 189, 68 Am. St. Rep. 530, and in Hastings Malting Co. v. Iron Range Brewing Co., 65 Minn. 28, 67 N. W. 652, was declarative of the right to sue in equity in Minnesota for constructive fraud arising from the purchase of stock. And in the courts of the United States it has frequently been recognized that, though a single creditor cannot maintain a suit in equity against the stockholders to enforce assessments or unpaid subscriptions, he may, however, sue for himself and on behalf of other creditors to enforce liabilities of stockholders to corporation creditors where such liability involves a fund for the benefit of all creditors in proportionate shares. Such remedies, according to Horner v. Henning, supra, have always been considered as belonging naturally to a court of equity, regardless of whether or not liability was also fixed by statutory enactment. Alsop v. Conway et al., 188 Fed. 568, 110 C. C. A. 366; Signor Tie Co. v. Monett (D. C.) 198 Fed. 412.

The adjudications of the federal courts, as I read them, are not hostile to the enunciated principle of the Hospes Case, which was based upon Minnesota statutes (section 6193) of 1913, nor at variance with the trust fund doctrine upon which the liability herein is predicated. Upton v. Tribilcock, 91 U. S. 45, 23 L. Ed. 203. In Handley v. Stutz, 139 U. S. 417, 11 Sup. Ct. 530, 35 L. Ed. 227, the Supreme Court of the United States, speaking of the trust fund doctrine, says:

"Ever since the case of Sawyer v. Hoag, 84 U. S. [17 Wall.] 610 [21 L. Ed. 731], it has been the settled doctrine of this court that the capital stock of insolvent corporations is a trust fund for the payment of its debts; that the law implies a promise by the original subscriber of stock, who did not pay for it in money or other property, to pay for the same when called upon by creditors, and that a contract between themselves and the corporation or that the stock shall be treated as fully paid and nonassessable, or otherwise limiting their liability therefor, is void as against creditors. The decisions of this court upon this subject have been frequent and uniform, and no relaxation of the general principle has been admitted."

This holding is certainly similar to that of the Minnesota courts, especially the portion of the opinion which states that the stock is regarded as equivalent to actual property of substantial value, and that "to the extent to which it fails to represent such value it is either a deception and fraud upon the public or an evidence that the original value of the corporate property has become depreciated." See, also, Hatch v. Dana, 101 U. S. 205, 25 L. Ed. 885; Coleman v. Howe, 154 Ill. 458, 39 N. E. 725, 45 Am. St. Rep. 133; Handley v. Stutz, supra.

[4] The assertions that the purpose of the bill was simply to enforce a statutory remedy, that liability under the Hospes Case would be illogical, and that if liability exists it arises from actual fraud, are unpersuasive and inconclusive. A creditor complainant is not bound to pursue a particular form of remedy or proceeding to enforce liability imposed on a stockholder. Downer v. Union Land Co., 113 Minn. 410, 129 N. W. 777. And, moreover, it has often been decided that the statutory remedy for the enforcement of liabilities not created by statute is not exclusive. Pollard v. Bailey, 20 Wall. (87 U. S.) 527, 22 L. Ed. 376; Stewart v. Baltimore & Ohio R. R. Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537; King v. Pomeroy, 121 Fed. 287, 58 C C. A. 209. See, also, Winnebago Paper Co. v. Northwestern Printing & P. Co., 61 Minn. 373, 63 N. W. 1024.

It may be that the sale of the stock at less than par was warranted by equitable considerations which the evidence will disclose, but certainly an original subscription to fully paid stock at a price considerably below its par value, merely as a bonus or gratuity, and not for buying property or raising money to continue the mining operation, creates a trust in favor of creditors who gave credit after the sale of the stock believing that it had been paid for in full.

The point is made that stockholders in mining corporations are not on the same footing with stockholders of other corporations, and are exempted from liability arising from acquiring stock at less than par, but the stock in question was not issued for mining properties, but for cash, and the application of any exemption under the circumstances is questionable.

[5] It is further objected that the bill is defective because of failure to join other stockholders acquiring stock at less than par. If it appeared from the bill that there were other stockholders within the jurisdiction of this court upon whom process might be served, who had also received stock at less than par, or gratuitously, they no doubt could be brought into the case by a cross-bill for the purpose of adjusting

the equities among them. Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476; Equity Rules 25 and 39 (198 Fed. xxv, xxix, 115 C. C. A. xxv, xxix).

The motion to dismiss for want of equity is denied.