JOHN A. ALLEN *vs.* JAMES R. WALSH.

March 18, 1879.

**Banks—Individual Liability of Stockholders.**—The provisions of Gen. St., *c.* 33, § 21, relating to the individual liability of the stockholders, applied to stockholders in all banks organizing under that chapter since its amendment by Laws 1869, *c.* 85.

**Same—Power of Legislature.**—An enactment which creates and imposes upon the stockholders of a bank becoming thereafter organized, though not for the purpose of issuing notes to circulate as currency, an individual liability for the corporate debts of the bank, is not repugnant to the constitution.

**Same—Remedy to Enforce Liability.**—The remedy for enforcing such statutory liability is that provided by Gen. St., *c.* 76, and it is the only remedy.

Plaintiff brought this action in the district court for Ramsey county, in October, 1877, alleging in his complaint that ever since January 1, 1876, the Marine Bank of St. Paul has been and is a corporation duly organized and existing under and pursuant to the laws of the state relative to banking corporations, and carried on a general banking business until November 13, 1876, when, being insolvent, it made a general assignment of all its property, for the benefit of its creditors; that the assignee accepted the trust, and wound up the affairs of the bank, the dividend to the creditors being but a small percentage of their claims, and the bank has no other property out of which the claims against it can be made; that the

defendant became a stockholder in the bank on or about January 1, 1876, and has ever since been such, owning during the entire period 80 shares of stock, of the par value of $100 each. The complaint then sets forth various items of indebtedness of the bank to the plaintiff, accruing between January 3 and November 11, 1876, all of which had been duly proved before the assignee, and allowed by him, the amount of which, after deducting the dividends paid by him, is $3,666.66, for which sum, with interest, judgment is demanded.

The defendant demurred (1) for defect of parties, because of the non-joinder of the assigneee and each of the other stockholders of the bank; and (2) for failure of the complaint to state facts sufficient to constitute a cause of action. The demurrer was sustained, on the former of these grounds, by *Brill*, J., who held that as the bank was required by law to have at least $25,000, of capital stock, and the complaint alleged that it was duly organized, etc., and the defendant was alleged to be the owner of but $8,000 of the stock, it sufficiently appeared on the face of the complaint that there were other stockholders besides defendant; and that, as the bank was insolvent, the plaintiff should have proceeded in the manner provided in Gen. St. *c.* 76. From the order sustaining the demurrer, the plaintiff appealed.

*John B. & W. H. Sanborn,* for appellant.

The stockholders of the Marine Bank organized under and accepted the provisions of Gen. St. *c.* 33. It was not a bank of issue. The constitution nowhere prohibits the legislature from fixing by law the liability of the stockholders of such a bank; and by organizing under this chapter, the stockholders accepted all its provisions, and became individually liable for the debts of the bank to an amount double the amount of the stock owned by them. Gen. St. *c.* 33, § 21; *Adkins* v. *Thornton,* 19 Ga. 328; *Paine* v. *Stewart,* 33 Conn. 516; *Mokelumne, etc., Co.* v. *Woodbury,* 14 Cal. 265; *Stanley* v. *Stanley,* 26 Me. 191; *Briggs* v. *Penniman,* 8 Cow. 387; *Bank of Poughkeepsie*

v. *Ibbotson,* 24 Wend. 473; *Corning* v. *McCullough,* 1 N. Y. 54; *Matter of Empire City Bank,* 18 N. Y. 210.

The action may be maintained without a previous suit against the bank, and an execution returned unsatisfied. It is enough that it appears that the bank is insolvent, and has no property that can be reached by legal process. *Davidson* v. *Rankin,* 34 Cal. 503; *Paine* v. *Stewart,* 33 Conn. 516; *Perkins* v. *Church,* 31 Barb. 84; *Gebhard* v. *Eastman,* 7 Minn. 40 (56.)

The liability of the stockholders under the statute is that of original debtors, not that of guarantors or sureties. It accrues at the same time the debt against the bank accrues. *Mokelumne, etc., Co.* v. *Woodbury,* 14 Cal. 265; *Davidson* v. *Rankin,* 34 Cal. 503; *Young* v. *Rosenbaum,* 39 Cal. 654; *Middleton Bank* v. *Magill,* 5 Conn. 28; *Adkins* v. *Thornton,* 19 Ga. 325; *Culver* v. *Third Nat. Bank,* 64 Ill. 528; *Wright* v. *Field,* 7 Ind. 376; *Bank of U. S.* v. *Dallam,* 4 Dana (Ky.) 575; *Norris* v. *Wrenshall,* 34 Md. 492; *Prov. Sav. Ins. Co.* v. *Jackson Skating Rink,* 52 Mo. 552; *Perry* v. *Turner,* 55 Mo. 418; *Allen* v. *Sewall,* 2 Wend. 327; *Moss* v. *Oakley,* 2 Hill, 265; *Harger* v. *McCullough,* 2 Denio. 123; *Cowing* v. *McCullough,* 1 N. Y. 64; *Moss* v. *Averill,* 10 N. Y. 449; *Conant* v. *Van Schaick,* 24 Barb. 87; *Conklin* v. *Freeman,* 57 Barb. 484; *Windham Ins. Co.* v. *Sprague,* 43 Vt. 502; *Hawthorne* v. *Calef,* 2 Wall. 10.

An action of debt lies for a duty created by common law or by custom, and *a fortiori* where the duty is created by statute. And under statutes like that under which this action is brought, it is held that the proper remedy is an action of debt at the common law. And as the statute makes the stockholders liable individually—that is, separately and not jointly—they may be sued separately. *Bullard* v. *Bell,* 1 Mason, 297; *Paine* v. *Stewart,* 33 Conn. 516; *Culver* v. *Third Nat. Bank,* 64 Ill. 528; *Norris* v. *Johnson,* 34 Md. 489; *Perry* v. *Turner,* 55 Mo. 426; *Simonson* v. *Spencer,* 15 Wend. 548;

*Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend. 478; *Lane* v. *Morris*. 8 Ga. 476.

The creditor having, under Gen. St. c. 33, § 21, a right to sue at law, as soon as his debt accrued, the remedy provided by Gen. St. c. 76, does not take away the common law remedy. That chapter, in all its parts which relate to the liability of stockholders, is copied from 2 N. Y. Rev. St. 463, etc.; and should receive the construction given to it in the state from which it was taken. The courts of New York, both before and since the adoption of the statute by this state, have uniformly held that while a suit in equity under this chapter might be maintained, an action at law by a single creditor against a single stockholder might also be maintained. *Simonson* v. *Spencer*, 15 Wend. 548; *Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend. 473; *Van Hook* v. *Whitlock*, 3 Paige, 415; *Rosevelt* v. *Brown*, 11 N. Y. 151; *Garrison* v. *Howe*, 17 N. Y. 462. Chapter 76 gives the creditor no remedy he would not have without it. Were there no such statute, he could still bring his suit in equity. *Norris* v. *Johnson*, 34 Md. 489, and cases above cited. That chapter was not intended to enlarge or restrict the remedies of creditors, but to enable stockholders to enforce contribution among themselves, and to enable creditors to enjoin the operations of a bank, when it was committing frauds upon its creditors.

The Massachusetts cases relied on by defendant arose upon statutes providing for a proportionate liability of stockholders, and have no application under our statute, by which the liability of each stockholder is fixed at double the amount of his stock. The distinction between provisions for a proportionate and those for a fixed liability, and the remedies appropriate to enforce these different kinds of liability, is stated in *Pollard* v. *Bailey*, 20 Wall. 520, 525. The case of *Adler* v. *Wisconsin Brick Co.*, 13 Wis. 57, merely holds that a suit in equity may be brought, without any statutory provision therefor, and that in such case all the stockholders must be joined. *Coleman* v. *White*, 14 Wis. 700, arose under a statute like ours; but the

court merely followed the Massachusetts cases, and failed to notice the distinction between the statutes in respect to the nature of the liability imposed. In *Norris* v. *Johnson*, 34 Md. 489, the New York and Massachusetts cases are examined, and the former are approved, and the latter are thus criticised: "This reasoning seems to us to proceed upon the assumption that it is the duty of the courts, in determining where relief shall be had, to consult the interest and convenience of the stockholders exclusively, rather than to afford a speedy and efficient remedy to the creditors. But the law was not in the interest of or for the benefit of stockholders. It imposes a liability on them for the security and protection of creditors; and if the burden and delay of a chancery suit is to be incurred by any one, why throw it upon those for whose protection the provision was made, and who trusted the corporation, relying upon this personal responsibility of its stockholders. * * * * We see no objection to permitting any creditor to seek out any responsible stockholder, sue him at law for the debt, and place on him the burden of proceeding in equity, to obtain contribution from others equally liable with himself. The creditors, as amongst themselves, may here, as in other cases, be well left to a race of diligence in the recovery of their claims, especially when the extent of their recovery, as against any one stockholder, is limited, and he can show that that limit has been reached as a defence to any further suits."

*H. J. Horn*, for respondent.

The right of the creditors against the stockholders is wholly the creature of the statute; Gen. St. *c* 33, § 21. In Gen. St. *c*. 76, a remedy is given to enforce this right. These two chapters are parts of one body of law, and are to be construed together. The case is therefore within the rule that where a new right is given or new obligation imposed by statute, and a statutory remedy is given to enforce the obligation, or for the violation of the right, such remedy is exclusive.

Irrespective of the statute, the facts stated in the com-

plaint call for the interposition of the equity powers of the court, and the bank and all its stockholders should be made parties. The bank is insolvent. ·No distinction is made, in respect of the liability of the stockholders, between banks of issue and others; but bill-holders are made preferred creditors, and this preference cannot be secured to them, if any single creditor can obtain a preference by action at law against a stockholder. Proceedings in equity are necessary to prevent a multiplicity of suits by creditors against stockholders, and by stockholders against each other for contribution. *Harris* v. *First Parish in Dorchester*, 23 Pick. 114; *Knowlton* v. *Ackley*, 8 Cush. 93; *Merchants' Bank* v. *Stevenson*, 10 Gray. 232; *Cochrane* v. *Reed*, 13 Allen, 456; *Moore* v. *Reynolds*, 109 Mass. 473.

The case of *Coleman* v. *White*, 14 Wis. 700, decided on a statute like ours, is directly in point for the defendant. See, also, *Adler* v. *Milwaukee Brick Co.*, 13 Wis. 57, and *Merchants' Bank* v. *Chandler*, 19 Wis. 434.

The case of *Norris* v. *Johnson*, 34 Md. 485, admits that a suit in equity will lie, but sustains an action at law against a stockholder in a manufacturing company. In that state there was no statutory remedy to enforce the stockholders' liability, as there is in this case. The case of *Culver* v. *Third Nat. Bank*, 64 Ill. 539, so far as it affects a case like this, is explained in *Turpin* v. *Haines*, 10 Chicago Leg. News, 74. In *Paine* v. *Stewart*, 33 Conn. 516, a bill-holder brought suit at law against a stockholder of a Minnesota bank, organized under the law of 1858, and the main question considered was as to the right to levy on the property of a stockholder, if property of the corporation could be found to satisfy the debt —the statute discussed being Pub. St. c. 17, § 24, which had no application to banks. The provisions of the Minnesota statutes relating to proceedings against corporations were entirely overlooked. The defendant's point that the liability was joint, and the other stockholders should be joined, was overruled because the defendant had not pleaded the non-

joinder in abatement. None of the other cases cited by plaintiff are in point, for either they were not cases of insolvent banks, or the question involved in this case was not decided.

The history of the legislation on this subject in this state shows that the remedy should be by suit on behalf of all the creditors, against the insolvent bank and all its stockholders. [This legislation is stated in the opinion.]

The Marine Bank not being a bank of issue, the legislature is impliedly prohibited by the constitution from imposing on the stockholders any individual liability for its debts. By article 10, § 3, it is provided that each stockholder in any corporation not having banking privileges shall be liable to the amount of stock held or owned by him. By article 9, § 13, the legislature is empowered, by a two-thirds vote, to pass a general banking law; and it is provided that the stockholders in any corporation for banking purposes issuing bank-notes shall be individually liable for an amount equal to double the amount of stock owned by them. These provisions restrain the legislature from imposing a personal liability on stockholders of banks not issuing bills. *Western Union Tel. Co.* v. *Mayer,* 8 Ohio, 522; *Chicago & Alton R. Co.* v. *People,* 67 Ill. 12. And it was not the intention of the legislature to impose any such liability on the stockholders in such banks; for the acts did not contemplate any other banks than banks of issue; Laws 1858, *c.* 32; Pub. St. *c.* 133; Gen. St. *c.* 33. It was not until 1869 that the banking law was amended, so as to provide for banking associations which are not banks of issue. The banking law should be construed according to its object, which was to carry out the constitutional provision in regard to banks of issue. The liability of stockholders is purely statutory, and the statute, being in derogation of the common law, should be strictly construed, and certainly should not be extended beyond the object intended. *Gray* v. *Coffin,* 9 Cush. 192.

CORNELL, J. The demurrer to the complaint admits that ever since the first day of January, 1876, the Marine Bank

of St. Paul has been a banking corporation duly created and organized under the laws of the state relating to banking corporations, to wit, Gen. St. *c.* 33, concerning banks and banking, and that the defendant during all that time has been and still is a stockholder therein. The action is sought to be maintained upon section 21 of that chapter, which, among other things, provides "that the stockholders in each bank" formed pursuant to its provisions "shall be individually liable in an amount equal to double the amount of stock owned by them, for all the debts of such bank, and such individual liability shall continue for one year after any transfer or sale of stock by any stockholder or stockholders.

It is claimed by defendant that the bank in question was not a bank of issue, and upon this assumption it is contended that the statutory liability imposed by the foregoing section has no application to the case, and, if it has, it is void, as being in excess of legislative authority under the constitution. Prior to the amendment of the chapter in 1869 (Laws 1869, *c.* 85) it may be that the section in question applied only to stockholders in banks of issue; but there can be no doubt that it was within the intention of the legislature, by these amendatory enactments, to embrace within its provisions all banks since incorporated under that chapter, and to make the stockholders therein individually liable, as provided by that section.

The objection that no statutory liability of this character can be created by the legislature in respect to stockholders in a bank not of issue, is rested upon the proposition that this power has been impliedly taken from the legislature by the constitution. This implication is sought to be founded upon the provisions of that instrument contained in the third subdivision of section 13, article 9, and section 3, article 10, of the constitution, the contention being that it was the intention to provide by these clauses for all cases of individual liability for corporate indebtedness authorized by the constitution, and that none other than that therein provided for can be created

by the legislature. Neither of these clauses contains any grant of power, nor can they be construed in restraint of legislative authority to any greater extent than is necessary to give them full effect according to the obvious import of the language employed. The restriction contained in the third subdivision of section 13, of article 9, is confined in terms to the case of "stockholders in any corporation and joint association for banking purposes, issuing bank-notes," and there is nothing in the section indicating any intention to extend its provisions beyond such a case. Section 3, article 10, is expressly limited in its application, by section 1 of the article, to stockholders in corporations not having or embracing banking privileges. Conceding, however, without deciding the point, that the provisions of this article can by any fair construction be held to include incorporated banks not of issue, the claim of defendant is not helped, for section 3 of this article, neither in terms nor by any necessary implication, forbids the imposition upon stockholders of a greater liability than what is therein specified. The language of the section is, "Each stockholder in any corporation shall be liable to the amount of the stock held or owned by him." It is neither within the purport nor object of the provision to define the extent of legislative power, or the rights of stockholders, upon the subject of individual liability. It simply declares the creation of a liability to the extent named, in the cases referred to; but it does not prohibit its creation in other cases, nor place any limitations upon the power of the legislature to increase the amount of the liability in any case, according as its views of public policy may require. Its only restrictive effect is to prevent legislative action relieving against the constitutional liability, or decreasing it in amount. The demurrer cannot be sustained on the ground of any want of authority in the legislature to enact the statutory provision relied upon to support this action, and to make it applicable to a case like the one before us.

The objection of a defect of parties, which is raised by the

demurrer, seems, however, to be well taken. The complaint shows that the Marine Bank derives its corporate existence from the provisions of Gen. St. c. 33; that it was insolvent when this action was commenced, having theretofore made a general assignment for the benefit of creditors, and that there were other stockholders beside the defendant, who were also individually liable, under the statute, for the corporate debts and demands in suit. The demurrer, therefore, distinctly presents, and for the first time in this court, the question whether a creditor of an insolvent bank, upon such a state of facts, and against an objection of this kind, can enforce his claims against one of the stockholders, without joining the rest, and also all other parties having any interest in the subject of the controversy, in order that their respective interests may be fully and finally adjudicated and settled in the action. The right determination of this question depends upon the nature of the liability, and the policy of the law in respect to its enforcement, as indicated by the statutes relating to the subject.

The liability declared on is purely a statutory one. It arose out of no contract between the parties, other than that implied by the statute, and is for no debt personally contracted by the defendant, either as principal or surety; it exists wholly by force of the provisions of the statute which created it, and which alone determines its characteristics and incidents. That statute enacts in terms, and in the words of the constitution as applied to banks of issue, that "the stockholders in each bank shall be individually liable in an amount equal to double the amount of stock owned by them, for all the debts of such bank; and such individual liability shall continue for one year after any transfer or sale of stock by any stockholder or stockholders." Gen. St. c. 33, § 21. The language of this section, that "the stockholders * * shall be individually liable * * * for all the debts of the bank," fairly imports a liability in their individual or private capacities, of all the stockholders to all the creditors of such bank.

Each and every creditor has the right to look to the individual responsibility of each and every stockholder as a security for his claim. The extent of this liability, however, is limited in the case of each stockholder, to double the amount of his stock, though within this limit it is an absolute and unconditional one, which attaches immediately upon the creation of the corporate debt, for which he is answerable to the creditor as upon an original indebtedness. Being created for the benefit of all the creditors, they all have an equal right to enforce their respective claims against each and every stockholder, and, if the bank is insolvent, with few or no assets, to participate equally in whatever proceeds may be realized out of the total liabilities, in proportion to the amount of such their respective claims. As between the bank and its stockholders, the former stands in the position of the principal debtor, primarily responsible for the corporate debts, and liable to reimburse the latter for any payments made by them upon account of its obligations. As between the stockholders, themselves, the equitable right of contribution exists, and arises in case either pays more than his just and proportionate share of the corporate indebtedness, and thereby to that extent relieves the others from responsibility on account of their individual obligations in respect thereto.

It is obvious that these respective rights and obligations can be adequately protected and enforced only through an exercise of the equity powers of the court, and in an action wherein all the parties in interest are present and represented. And it is equally clear, in case the bank, as in this instance, is utterly insolvent, with outstanding liabilities largely in excess of its assets, that the prosecution to judgment and execution of the separate demands of one of its creditors against the individual liability of one of the stockholders, without joining the other parties in interest, must necessarily affect the equal claims and rights of the other creditors, and may result in entirely depriving them of any benefits under the statute; a result at variance with its policy and the obvious intention

of the legislature in its enactment, which was to protect and
secure against loss, equally, all parties dealing with the cor-
poration and having debts against it.   The evils and mischiefs
likely to result from such a practice are manifold, and very
fully stated by the court in *Harris* v. *First Parish in Dorches-
ter*, 23 Pick. 112, 114, as follows:   "If actions at law will
lie, suits may be multiplied to an indefinite extent.   Each
bill-holder or other creditor must have his separate suit, and
each stockholder must be sued separately.   Again, suits
between stockholders to adjust their contributions would be
interminable.   If a creditor's demand be larger than the
amount of stock owned by any one, he must have several
suits against several individuals on the same cause of action,
or lose a part of his just demand.   If any one stockholder
owned more stock than was needed to meet any one claim
made upon him, he would be liable to several suits."   If the
bank owes largely in excess of its capital and assets, "there
must either be a *pro-rata* division among the creditors of what
may be recovered, which would be impracticable in suits at
law, or those who sue first must recover the whole of their
debts, leaving others totally remediless, which would be pal-
pably unjust.   The evils and inconveniences of attempting
to enforce this section by suits at common law, would be
incalculable, and such remedy would be inadequate, vexatious
and mischievous."

In view of these considerations alone, it may well be
claimed that the legislature never intended to allow one of
several creditors of an insolvent banking corporation to
maintain a separate action in his own behalf against one of
several stockholders upon the individual liability created by
this statute, without joining in the same action all the other
parties shown to have any interest therein.

The correctness of this claim, however, does not rest alone
upon these considerations.   The very next section to the one
creating this liability of the stockholders, provides that "in
the event of the insolvency of any bank established under the

provisions of this chapter, the bill-holders thereof shall be entitled to preference in payment over all other creditors of such bank." The total individual liabilities of all the stockholders constitute the principal fund for the payment of the debts of an insolvent bank, and if any creditor can obtain a preference in respect to such fund by the commencement of one or more suits against its stockholders, it is obvious that this clause in favor of the bill-holders might be rendered of no avail, and its purpose wholly defeated. The fact suggested, that there are no bill-holders in this case, is of no moment as affecting the question under consideration, for no distinction is made as respects the remedy for enforcing the liability, whether the bank is one of issue or not.

As further indicating the legislative intention upon this subject, the General Statutes of 1866, which contain the statutory provisions upon banking and the individual liability of stockholders, also provide a special and adequate remedy for enforcing the liability, closing up the affairs of the bank in case of insolvency, and for the final adjustment of the rights of all the parties having any interest in the matter. Gen. St. *c.* 76. This chapter applies to all corporations and associations having any corporate rights. It provides in terms that "whenever any creditor of a corporation seeks to charge its stockholders on account of any liability created by law, he may file his complaint for that purpose in any district court which possesses jurisdiction, to enforce such liability." Authority is given in such action, whenever necessary, to take an account of the property and debts due to and from the corporation, to appoint one or more receivers to collect and convert into money the corporate demands and property, and make just and fair distribution of the proceeds among its creditors, and in case its assets prove insufficient to satisfy its debts, the respective liabilities of the stockholders are to be ascertained, and the amount payable from each is to be adjudged, and its payment enforced as in other cases. Provision is also made for giving notice to all the creditors of the

corporation by publication, requiring them to exhibit their claims and become parties to the action within a reasonable time, not less than six months, or to be precluded from any benefits in the distribution which may be made under the judgment in the action. Gen. St. c. 76, §§ 17–23.

It is reasonable to suppose that the legislature intended by these sections to provide an efficient and sole remedy for enforcing payment of the debts of an insolvent corporation out of the individual liability of its stockholders, for the rule is well settled that when a statute which creates a right also prescribes an adequate remedy, the latter is to be taken as the exclusive one. *City of Faribault* v. *Misener*, 20 Minn. 396; Sedgwick Const. Law (2d ed.) 344. The chapter which gives this remedy forms a part of the General Statutes, which were adopted in 1866, and which contain the enactment that creates the statutory liability, and therefore the rule referred to is fairly applicable.

It is obvious, from an examination of these sections of chapter 76, that the remedy they provide contemplates a single action, in which all persons having or claiming any interest in the subject of the action shall be joined or properly represented, and their respective rights, equities and liabilities finally settled and determined. This accords with the general policy of the law as it has existed in this state since 1853, when the old system of a separate and distinct jurisdiction and practice in law and in chancery was abrogated for that of the code. Since then, there has been no distinction between actions at law and suits in equity, there being but one form of action for the enforcement and protection of private rights, whether of a legal or equitable nature. It is now competent for the same court, in the same action, to take cognizance of and adjudicate both the legal rights and the equities of the parties in respect to the subject in controversy, and also to bring in all who may have any interest therein to be affected by the result, in order that their rights and equities may likewise be finally settled and adjudicated.

In this way vexatious litigation is discouraged, and a multiplicity of suits is often avoided, and this was the main purpose sought to be effected by the change from the old system.

It is worth noting, in this connection, that the Revised Statutes of 1851 contained two distinct chapters regulating suits and proceedings affecting corporations, one of which related to actions at law, and the other to suits and proceedings in chancery. Rev. St. 1851, *c.* 76, *c.* 77. In the revision of 1866, both these chapters were consolidated into one, (Gen. St. *c.* 76,) entitled, "Actions respecting corporations," with such modification of their provisions as had become necessary by reason of the change from the old to the new system of practice. Section 23 of the present chapter is nearly identical with Rev. St. (1851,) *c.* 77, § 25, the provisions of which latter section related solely to proceedings in suits in equity. The only difference consists in the omission from the present section of a clause which the former contained, giving to the court authority, upon the application of either party to the suit in equity, to grant an injunction restraining all proceedings at law by any creditor. This omission is significant of the legislative understanding that such a clause was no longer necessary, for the reason that no creditor of an insolvent bank can now maintain a separate action for his own exclusive benefit, upon a claim against the individual liability of any stockholder, when it appears that there are other stockholders equally liable under the statute, and other creditors equally entitled to participate in the benefits of the liability. Upon a careful consideration of the case, we are satisfied that the demurrer was rightly sustained by the court below, upon this ground.

Ordered accordingly.