ANTHONY NOLAN and another *vs.* EDWARD HAZEN and others, Executors.

November 14, 1890.

Individual Liability of Stockholders—Parties to Action to Enforce —Claim against Deceased Stockholder.—Where a creditor has obtained judgment against a corporation, and execution thereon has been issued and returned unsatisfied, the creditor may bring an action against a stockholder to enforce his individual liability for the corporate debt, under Gen. St. 1878, c. 34, § 9, without joining the corporation as a party; and, in case of the death of the stockholder, he may, in such case, present and prove his claim against the estate in the probate court.

Appeal by plaintiffs from an order of the district court for Crow Wing county, *Searle*, J., presiding, (acting for the judge of the 15th district,) sustaining a demurrer to the complaint in an appeal from the disallowance by the probate court of a claim of $408.06, and interest, against the estate of Chauncey B. Sleeper, deceased, of whose last will the defendants are executors.

*Wetherby, True & Warner,* for appellants.

*Leon E. Lum,* for respondents.

MITCHELL, J. The plaintiffs filed in the probate court a claim against the estate of C. B. Sleeper, deceased, and from an order disallowing it they appealed to the district court. To the first cause of action (the second having been previously stricken out) set up in the complaint, the defendants interposed a demurrer, and from an order sustaining the demurrer the plaintiffs appeal. The cause of action set up is predicated upon the alleged individual liability of Sleeper, as stockholder, for the debts of the Brainerd Driving Park Association, a corporation organized under Gen. St. 1878, *c.* 34, title 2. This liability is claimed under the provisions of section 9, *c.* 34,— *first,* for unpaid instalments of stock owned by Sleeper, and, *second,* by reason of the failure of the corporation to comply with the requirements of sections 7 and 8 of the chapter referred to. The complaint alleges the due rendition of judgments in previous actions against the corporation for these claims, that executions had been issued thereon and returned wholly unsatisfied, and that the corporation is without assets. It is conceded that the complaint states facts which would have constituted a good cause of action against Sleeper, at least for the unpaid instalments of stock owned by him, if plaintiffs had adopted the correct procedure, and asserted the claim in the actions against the corporation; but defendants' contention (and the only one urged) is that the individual liability of a stockholder under section 9 can only be enforced in the same action in which the liability of the corporation is determined, or at least in an action to which the corporation is made a party; and in support of this contention a strict and literal construction of the language of sections 10 and 11 is invoked. It was no doubt intended by these sections to make it imperative that the liability of the corporation should be determined, and the legal remedy against it by execution exhausted, before the individual property of the stockholder should be resorted to. But if these two requirements of the statute are fulfilled, its policy and purpose would seem to be entirely accomplished; and it is difficult to see why this is not as effectually done by first obtaining a judgment against the corporation alone, and exhausting the legal remedies

against it, and then bringing a suit against the stockholder, as by joining both in one action, and having the liability of both determined at the same time. The only difference we can see is that the latter course would avoid two separate actions, and would, for that reason, usually be the most convenient for the creditor. The reasoning, if not the decision, of *Dodge* v. *Minn. Plastic Roofing Co.*, 16 Minn. 327, (368,) would seem to be decisive against defendants' contention. It is true that in that case the corporation was in fact made a party to the second action,—the one against the stockholder; but no stress is laid on that fact in the opinion of the court. There is no conceivable necessity for or use of making the corporation a party to the second action, for its liability has been determined in the former action, and this would be conclusive, at least as against it, even if it were made a party to the subsequent action against the stockholder; and, so far as exhausting the remedy against the corporation, that has been already done. Hence, we are of opinion that, were Sleeper living, an action would in this case lie against him without joining the corporation as a party. And if this is so, it is not and cannot be questioned but that the claim is provable in probate court against his estate. This, as we understand, disposes of the only question in the case, and the result is that, in our opinion, the court erred in sustaining the demurrer.

There is no necessity here to determine whether the complaint states any cause of action under the second and third subdivisions of section 9, and, in view of the loose character of the pleading as well as of the very incomplete presentation of that question by counsel, it would be inexpedient to decide it at this time.

Order reversed. .