## *In re* GEORGE B. MARTIN's *Estate.*

Argued Jan. 19, 1894. Affirmed Feb. 5, 1894.

No. 8569.

**Stockholder's liability not enforced in Probate Court.**

The liability of the estate of a deceased stockholder for corporate debts, under Const. Art. 10, § 3, is not a claim which can be presented to the Probate Court for allowance. The only remedy is by action under 1878 G. S. ch. 76.

Appeal by the National German-American Bank of St. Paul, from an order of the District Court of Otter Tail County, *L. L. Baxter* J., made August 12, 1893, sustaining the demurrer of the administrators of the estate of George B. Martin, deceased, to its claim against the estate.

George B. Martin of Otter Tail County died intestate November 1, 1890, leaving property and estate there. He owned and held at his death one hundred shares of $100 each of the capital stock of the Page Flour Mills, a corporation organized under 1878 G. S. ch. 34, Title 2. Proceedings were taken in the Probate Court of that county to administer his estate. Gilbert A. Topley and Charles H. Gould were appointed administrators and a time was fixed within which creditors were required to present their claims for examination and allowance. The German-American Bank of St. Paul, on January 20, 1891, presented a claim for allowance. It stated that on December 26, 1890, it recovered judgment against the Page Flour Mills Company for $15,187.61, but was unable to collect it; that the Page Flour Mills Company was insolvent and

had on October 25, 1890, made a general assignment of its property to Charles D. Wright, in trust for its creditors; that its assets would not pay twenty per cent. of its indebtedness; that deceased held one hundred shares of its stock and was, under Const. Art. 10, § 3, liable to its creditors to the amount thereof; and prayed that its judgment against the Page Flour Mills Company be allowed as a claim against Martin's estate. The Probate Court on May 31, 1892, disallowed the claim and the Bank on June 12, 1892, appealed to the District Court of Otter Tail County, where, by direction of the court, it restated its claim (Laws 1889, ch. 46, § 260,) in the form of a complaint. The administrators demurred thereto. The court sustained the demurrer and the bank brings this appeal.

*John B. & E. P. Sanborn*, for appellant.

Claims similar to this, arising from the liability of a deceased stockholder or director to a creditor of an insolvent corporation have been held to be provable against the estate as contingent claims. *Hospes* v. *Northwestern Mfg. & Car Co.*, 48 Minn. 174; *Nolan* v. *Hazen*, 44 Minn. 478; *Grand Rapids Sav. Bank* v. *Warren*, 52 Mich. 557.

The liability of a deceased stockholder to creditors of an insolvent corporation, is analogous to that of a surety or guarantor. *Willis* v. *Mabon*, 48 Minn. 140.

Here is clearly an existing liability for a substantial amount and that being so the claim ought to have been allowed. *Ames* v. *Ames*, 128 Mass. 277; *French* v. *Morse*, 2 Gray 111; 2 Morawetz, Corp. § 866.

*Parsons & Brown*, for respondents.

All other creditors of the Page Flour Mills Company, or at least all those who had duly filed their claims against Martin's estate, should have joined or been made parties in the District Court; or the plaintiff should have stated in its complaint that the action was brought on behalf of itself and of all other creditors of said corporation. It was also necessary that all other stockholders of the corporation should be brought in as defendants. Failing in

these respects the complaint was demurrable. *Allen* v. *Walsh*, 25 Minn. 543; *Johnson* v. *Fischer*, 30 Minn. 173; *Merchants' Nat. Bank* v. *Bailey Mfg. Co.*, 34 Minn. 323; *Arthur* v. *Willius*, 44 Minn. 409; *McKusick* v. *Seymour*, 48 Minn. 158.

Prior to the death of George B. Martin he could not have been sued by the National German-American Bank upon his statutory liability as a stockholder of the Page Flour Mills Co., except by bringing the action in behalf of all the creditors of the mill company and joining all other stockholders as co-defendants. The fact of his death did not deprive his estate of the right to have the burdens arising from the insolvency of the Page Flour Mills Co. apportioned equitably upon all the stockholders of that corporation.

A contingent claim is one which can arise only by the happening of some uncertain event. This is not a contingent claim.

In *Hospes* v. *Northwestern Mfg. & Car Co.*, 48 Minn. 174, and *Nolan* v. *Hazen*, 44 Minn. 478, this court held the plaintiffs' claims to be contingent ones, within the meaning of 1878 G. S. ch. 53, and that the claims could properly be allowed against the estate of deceased, since an action would lie upon them were the stockholders living. But those claims were for liability created by 1878 G. S. ch. 34, § 9. The present claim on the other hand, could not have been enforced in an action by this creditor against George B. Martin were he living, except in an action under 1878 G. S. ch. 76, in which the rights of all creditors and the liabilities of all the stockholders could be ascertained and fixed.

MITCHELL, J. The claim presented to the Probate Court for allowance was founded on the liability of the deceased, as a stockholder, for the debts of the corporation, under the constitution of the state, Art. 10, § 3, which provides that "each stockholder in any corporation * * * shall be liable to the amount of the stock held or owned by him."

Under this provision, all the stockholders are liable to all the creditors. The object is to create a common fund, limited in amount, for the benefit of all creditors. Hence, if one creditor is allowed to proceed alone, he might exhaust the fund, or get more than his share. This personal liability was evidently intended to

provide for the contingency of a deficiency of corporate assets, which remain the primary fund for the payment of corporate debts. Hence, it is evident, no action or proceeding can furnish a complete remedy, or protect the rights of all persons interested, except one which brings in all interested parties,—the corporation, all the stockholders, and all the creditors. And for these reasons the courts generally hold, and in the absence of any statutory provision, that to enforce such a liability, created for such a purpose, the only remedy is by an action or proceeding to which all those interested are made parties, so that the rights and liabilities of all may be adjusted. The reasoning in *Allen* v. *Walsh*, 25 Minn. 543, is entirely applicable to the present case. There is no statute authorizing a single creditor to commence an action against a single stockholder to enforce this constitutional personal liability. In *Merchants' Nat. Bank* v. *Bailey Manuf'g Co.*, 34 Minn. 323, (25 N. W. 639,) and *Nolan* v. *Hazen*, 44 Minn. 478, (47 N. W. 155,) the action was brought to enforce a liability under 1878 G. S. ch. 34, § 9, which has no application to a case like the present.

The only remedy to enforce this constitutional personal liability of stockholders is under 1878 G. S. ch. 76.

The Probate Court has neither the power nor the machinery by which to determine either the existence or amount of such a liability, or to enforce it. It cannot bring in other stockholders or other creditors of the corporation as parties, so as to adjust their respective rights. The presentation of such a claim to that court would be a useless and idle ceremony.

It could do nothing with it if it was presented. It could not even determine the amount of the claim, beyond saying, what is already known,—that it could not in any event exceed the amount of stock held or owned by the deceased; and its decision, even as to the amount of stock, would bind nobody but the estate and the creditor presenting the claim. It could not even allow it as a contingent claim, for the liability is not contingent. The only contingency, or, to speak more accurately, the only uncertainty, is as to its amount, which can only be determined upon a full settlement of the affairs of the corporation, and an adjustment of the rights and liabilities of all stockholders and creditors. Our conclusion,

therefore, is that while this claim is, in one sense, one "arising upon contract," to wit, the contract implied by the constitution, it is, by virtue of the inherent limitation of the Probate Code itself, impliedly excluded from those which can be presented for allowance by the Probate Court, and that the only remedy is by action under 1878 G. S. ch. 76, to which the personal representative of the deceased stockholder must be made a party.

Order affirmed.

(Opinion published 57 N. W. Rep. 1065.