EAU CLAIRE NATIONAL BANK, Appellant, vs. BENSON, Respondent.

*April 9 — April 27, 1900.*

*Statutes: Construction: Stare decisis: Corporations: Liability of stockholders to creditors: Remedies: Constitutional law: Self-executing provisions: Interstate comity.*

1. When a statute, requiring judicial construction, has received it by the highest court having jurisdiction in that regard, and such construction has been firmly established as correct, it is as much a part of the statute as if plainly written into it originally, and the court may properly decline to consider, thereafter, the subject of whether such construction was right or wrong.

2. The constitutional or statutory liability of stockholders of a corporation to its creditors, created by the laws of the state of Minnesota, must be held to be of the same nature here as by the highest court of such state.

3. It having been determined by the supreme court of Minnesota, that the constitutional liability of stockholders of a Minnesota banking corporation is of such a nature that it cannot be enforced by an action at law by one or any number of creditors against one or any number of stockholders, this court is bound thereby.

4. The term "self-executing," as applied to a constitutional or statutory provision in regard to an added liability of stockholders of a corporation to its creditors, has reference only to whether such a provision is enforceable without any specific remedy therefor given by the written law.

5. If a constitutional or statutory provision, regarding an added liability of stockholders of a corporation to its creditors, be self-executing, yet its nature be such that it cannot be enforced otherwise than by an action in equity in favor of all the creditors against all the stockholders, brought in the home jurisdiction where the corporation can be reached, it cannot be otherwise enforced either in the home or any other jurisdiction.

6. Judicial authorities in a state, regarding the added liability of stockholders under its laws, to the effect that it is enforceable at law by a single creditor against a single stockholder as an ordinary debt of the latter to the former, and authorities to the effect that such liability can be enforced in any jurisdiction where service can be obtained upon any stockholder, have no application whatever to a liability of a stockholder construed by the highest tribunal

Eau Claire National Bank vs. Benson.

of the state where it was created as one not enforceable except by an action in equity in favor of all the creditors of the corporation desiring to participate therein, against all the stockholders within the jurisdiction of the court.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

Action to enforce the stockholders' liability to creditors under the laws of the state of Minnesota.

The constitution of the state of Minnesota provides that " each stockholder in any corporation, except those organized for the purpose of carrying on any kind of manufacturing or mercantile business, shall be liable to the amount of stock owned or held by him." Art. X, sec. 3.

The Minnesota Elevator Company, a corporation organized under the laws of the state of Minnesota and having its principal office in Red Wing in said state, a debtor to a considerable amount for money borrowed in the regular course of business of plaintiff, a national banking corporation of the city of Eau Claire, Wisconsin, made an assignment September 2, 1884, for the benefit of its creditors under the laws of Minnesota, to which assignment all of the creditors of the assignor except plaintiff became parties, and by so doing, according to the laws of such state, released their claims against the assignor and without resorting to the stockholders' liability.

This action at law was commenced November 18, 1897, against the defendant, who was then and had been, during all the time covered by the transaction referred to, a resident of Minnesota, service being obtained upon him in this state, to enforce his liability as a stockholder of the elevator company under the constitutional provision before referred to. The issues formed by the pleadings involved several questions vital to the maintenance of the action, and among them whether the liability of stockholders of a Minnesota

corporation to its creditors is enforceable by an action at law or any action in the courts of this state.

That cause was tried by the court and the facts, as regards the nature of the liability in question, by the laws of Minnesota as construed by its highest court, were determined as follows:

The liability of stockholders of a Minnesota corporation, not within the exception contained in its constitutional provision on the subject, or some other special exception, none of which exceptions include the corporation in question, exists wholly by force of the laws creating it, and by such laws its character and incidents must be determined. It is a liability of all the stockholders to all the creditors, limited as to each stockholder to the amount of his stock. It is a liability for the benefit of all the creditors who desire to take advantage of it, each having an equal right with all the other creditors to enforce it. As between the stockholders and the corporation the latter is the primary debtor and liable to reimburse the former. As between the stockholders there is the right of contribution to the end that each stockholder within reach of the court having jurisdiction to enforce the liability will only be required to pay such proportionate share of the indebtedness of the corporation participating in the proceedings to enforce it as the amount of stock held by him bears to the entire amount of stock held by solvent stockholders within the jurisdiction of the court.

Chapter 76 of the general statutes of the state provides the exclusive remedy for the enforcement of such liability, which is by an equitable action in a district court within the state of Minnesota, all the creditors desiring to avail themselves of the liability being plaintiffs and the corporation and all its stockholders within the jurisdiction of the court being defendants. The nature of the liability of stockholders in corporations organized under the laws of Minnesota, including those specified and embraced in its constitutional

provision on the subject, the form and nature of the action and proceedings to enforce the same, and the courts having jurisdiction of such actions, have been fully determined by the supreme court of the state of Minnesota to the effect aforesaid, and that the remedy provided by chapter 76 of the Minnesota statutes is exclusive, and that it requires a single action in equity at the home of the corporation.

From such facts and others the court decided that it was without jurisdiction to entertain the action. Judgment was accordingly entered dismissing the plaintiff's complaint and for costs and disbursements in favor of defendant.

For the appellant there was a brief by *F. M. Miner*, attorney, and *H. B. Walmsley*, of counsel, and oral argument by *Mr. Miner* and *Mr. J. M. Olin*.

For the respondent there was a brief by *Frawley, Bundy & Wilcox*, attorneys, and *Hahn, Belden & Hawley*, of counsel, and oral argument by *C. T. Bundy* and *W. J. Hahn*.

MARSHALL, J.   No new question is presented for consideration on this appeal.   Most of the questions discussed in the brief filed by counsel for appellant have been presented to this court over and over again and with the same result as when first presented some forty years ago.   There must come a time when the presentation of a question to a court of last resort, and the consumption of its time in going over ground that has been repeatedly explored before, will be a mere waste of judicial labor.   That period has been well-nigh, if not quite, reached in regard to the minor propositions underlying the ultimate question involved in this appeal.   Courts are not responsible for the law.   It is their province to declare and apply it and to construe statutes and constitutions in accordance with the will of the law-making power, where construction becomes necessary. When such construction has once been given to a law and finally established as a part thereof, it is as much a part of it as if

embodied therein in plain and unmistakable language. *State ex rel. Heiden v. Ryan*, 99 Wis. 123. When that situation exists it is the province of the legislature alone to change the law. The court should not attempt it, whatever may be the notions of judges as to what the law ought to be. No matter what the situation may appear to be, as to the unjust operation of a law, courts should not struggle to change it as it has been understood to exist and has been plainly written into its decisions for years, or by fine distinctions between cases and, by rejecting the reasoning upon which they were grounded, as *obiter*, or by treating reasons given for a conclusion reached as to the intent of the lawmaking power as reasons given to justify an arbitrary construction of it, try to fit a decision to some case of peculiar hardship, so as to work out a supposed equitable result in that particular case or class of cases, that is really barred by the law, independent of the results of such struggle. That courts sometimes do that, and that it results in much confusion, uncertainty, and bad law, must be apparent to all who have to do, to any great extent, with its judicial administration; and it must be likewise apparent that the statutes, as they exist, whatever may be the hardships that result, should be declared and administered, leaving it to the lawmaking power to change them as the persons operating in that field may be advised.

The nature of the liability sought to be enforced in this cause is governed by the law of the state of Minnesota. To go elsewhere, into jurisdictions where stockholders' liabilities are held to be entirely different, only leads to confusion instead of to a right decision.

The law of Minnesota on the subject under discussion is substantially the same as that of this state. The nature of the liability of stockholders created by law here, was settled in *Coleman v. White*, decided in 1861 and reported in 14 Wis. 700; and though many cases have been presented to the

court since that decision, involving the same subject, no change has taken place in the conclusion there reached. That conclusion, in regard to the stockholders' liability created by the law of Minnesota, was adopted by the supreme court of that state in *Allen v. Walsh*, decided in 1879, reported in 25 Minn. 543, and it has been ever since adhered to by such court.

It was said, in effect, in the cases above referred to, that the added liability of stockholders is primary, contractual, and absolute; that it attaches the moment the debt of the corporation is contracted, and is of all stockholders to all creditors substantially on the same basis as the individual liability of partners to partnership creditors, subject to the limitation prescribed by the law creating the liability; that it cannot be enforced by any one creditor for his individual benefit, or at all at law, against a single or any number of stockholders, because every creditor has a right to participate in the benefits of it, as to every stockholder, in the proportion his claim bears to the entire corporate indebtedness so participating; that one creditor cannot, in any way, appropriate the liability of any stockholder for his own use, but must share it with all the creditors who desire to participate therein in the proper proceeding to enforce it; that the liability of all stockholders that can be reached in the proper jurisdiction must be enforced in a single action in equity, to the end that a fund may be accumulated for distribution among all creditors, in proportion to the amounts due to them respectively from the corporation, who may elect, after opportunity therefor, to take part in the suit. The decisions in this state and Minnesota, on this subject, have become so numerous and been so often and so recently cited and discussed, that it is useless to do more than to refer to the more important of them. *Coleman v. White*, 14 Wis. 700; *Cleveland v. Marine Bank*, 17 Wis. 545; *Merchants' Bank v. Chandler*, 19 Wis. 434; *Terry v. Chandler*, 23 Wis.

456; *Hurlbut v. Marshall*, 62 Wis. 590; *Gianella v. Bigelow*, 96 Wis. 185; *Booth v. Dear*, 96 Wis. 516; *Gager v. Bank of Edgerton*, 101 Wis. 593; *Gager v. Marsden*, 101 Wis. 598; *Foster v. Posson*, 105 Wis. 99; *Finney v. Guy*, ante, p. 256; *Allen v. Walsh*, 25 Minn. 543; *Arthur v. Willius*, 44 Minn. 409; *Merchants' Nat. Bank v. Bailey Mfg. Co.* 34 Minn. 323; *Willis v. Mabon*, 48 Minn. 140; *In re Martin's Estate*, 56 Minn. 420; *Hanson v. Davison*, 73 Minn. 454.

We repeat what was said in *Finney v. Guy* (ante, p. 256), that the added liability of stockholders, though of an individual character, as said in some of the decisions cited, is joint in respect to the manner in which it must be enforced, and is more like the liability of the members of a partnership to its creditors than to any other with which it may be compared, as said by Dixon, C. J., in *Coleman v. White*, 14 Wis. 700.

The laws of Minnesota and of this state are in harmony to the point that such an action as this cannot be maintained anywhere to enforce the liability of stockholders of a Minnesota corporation, created by law.

Controlling significance is claimed, in the brief of counsel for appellant, for the fact that the liability sought to be enforced is not a mere statutory liability, or a right given coupled with a remedy to enforce it, but is a right conferred by a self-executing provision of the Minnesota constitution,— self-executing in that it is complete without any legislation for its enforcement. *Willis v. Mabon*, 48 Minn. 140, is cited to our attention as conclusive on that point, but it does not. militate at all against, but on the contrary supports, the proposition that the framers of the law did not intend that one creditor should be permitted to pursue an individual stockholder or any number of stockholders at law or otherwise, to enforce payment of his particular claim. All that. *Willis v. Mabon* really decides is that the liability of stockholders to creditors, created by the Minnesota constitution,

is the same as that created by a statute in the same language, and that, where the right exists, if the written law does not give a remedy to enforce it, it can be enforced by such remedy as is within the power of the court to give, which is adapted to the nature of the right. The mere fact that the law of Minnesota gives an absolute right to the creditors of a corporation to pursue its stockholders, by no means carries with it a right as to every creditor to appropriate to his sole use the liability of any particular stockholder or stockholders.

After settling in the affirmative the question of whether the right exists, independent of a statutory method to enforce it, to pursue stockholders of a corporation to recover of them its indebtedness, we must yet determine the nature of the right; and that is answered by the Minnesota court in *In re Martin's Estate*, 56 Minn. 420, in an opinion by the learned judge who wrote the opinion in *Willis v. Mabon.* Such answer can be best stated in the language of the opinion: "Under this provision [of the constitution], all the stockholders are liable to all the creditors. The object is to create a common fund, limited in amount, for the benefit of all creditors. Hence, if one creditor is allowed to proceed alone, he might exhaust the fund, or get more than his share. This personal liability was evidently intended to provide for the contingency of a deficiency of corporate assets which remain the primary fund for the payment of corporate debts. Hence, it is evident, no action or proceeding can furnish a complete remedy, or protect the rights of all persons interested, except one which brings in all interested parties,— the corporation, all the stockholders, and all the creditors. And for these reasons the courts generally hold, and in the absence of any statutory provision, that to enforce such a liability, created for such a purpose, the only remedy is by an action or proceeding to which all those interested are made parties, so that the rights and liabilities

of all may be adjusted.   The reasoning in *Allen v. Walsh*, 25 Minn. 543, is entirely applicable to the present case.   There is no statute authorizing a single creditor to commence an action against a single stockholder to enforce this constitutional personal liability."

The effect of *Willis v. Mabon*, 48 Minn. 140, and *In re Martin's Estate*, 56 Minn. 420, is that the constitutional liability of stockholders of a corporation to its creditors in Minnesota is the same in all respects as if the liability were created by statute in the same language, and the same as the statutory liability of stockholders in this state, and that the nature of it is clearly defined in *Coleman v. White*, 14 Wis. 700, and *Allen v. Walsh*, 25 Minn. 543, and the numerous other decisions in this state affirming the doctrine of those cases.   It would seem that one could not seriously contend that this action at law, of a single creditor against a single stockholder, can be maintained in Minnesota, in view of the plain declaration in *In re Martin's Estate, supra*, to the contrary, or that, if the action cannot be maintained in Minnesota, it can be maintained here.

There is nothing in *Hanson v. Davison*, 73 Minn. 454, or any other Minnesota case, in conflict with *In re Martin's Estate*, to the point that an original action at law cannot be maintained in Minnesota by one or any number of creditors against one or any number of stockholders of a corporation to enforce their liability added by law.   It is as firmly established as law can be, by plain adjudications of the highest court having jurisdiction to declare it, that such an action as this cannot be maintained where the liability sought to be enforced was created, and that must prevail here on the most familiar of legal principles.

Now, as in cases heretofore where this court has been called upon anew to pass upon the nature of the liability of stockholders to creditors created by the law of this state or of Minnesota, a large number of cases are cited to our atten-

tion in each of which a stockholder's liability was enforced that was created by a law construed, by the highest judicial tribunal having jurisdiction in that regard, to create a right enforceable in an action at law by a single creditor against any stockholder, in any jurisdiction where jurisdiction can be obtained of his person or property. Such cases have no application whatever to a stockholder's liability of the nature of the one we are here considering. To refer to them where a liability of the latter sort is sought to be enforced, as before stated, only leads to confusion. If the law of a state create a liability of stockholders to creditors that may be enforced in the home jurisdiction as a mere debt of each stockholder to each creditor, it will have the same character everywhere. Such is not the nature of the constitutional liability of stockholders in Minnesota, as we have clearly shown. If the law of a state create an added liability of stockholders to creditors, enforceable only as a liability of all stockholders to all creditors, and so far only as may be reasonably necessary to satisfy the claims of creditors desiring to take the benefit of it, its character cannot be changed by proceedings in a foreign jurisdiction to enforce it, and it cannot be so enforced at all if the nature of the liability is inconsistent therewith or it is not permitted by the rules of interstate comity. *Finney v. Guy, ante,* p. 256.

*By the Court.*— The judgment of the circuit court is affirmed.