CLEARY and others, Appellants, vs. BERTRAND, Respondent.

*January 10—April 2, 1935.*

For the appellants there were briefs by *G. M. Buenzli, Sanborn, Blake & Aberg, Philip G. Sanborn,* and *Charles A. Winding,* all of Madison, and oral argument by *Philip G. Sanborn.*

For the respondent there was a brief by *Randolph R. Conners* and *Bagley, Spohn, Ross & Stevens,* all of Madison, and oral argument by *Mr. Myron Stevens* and *Mr. Conners.*

The following opinion was filed February 5, 1935:

WICKHEM, J.  Some confusion is caused by the form of the pleadings, but a careful examination of the counts indicates that they state in somewhat different words a single cause of action, and that the gist of this cause of action is that defendant, knowing of the insolvency of the bank and the financial irresponsibility of Tina Bertrand, transferred the stock to her for the express purpose of avoiding the statutory liability imposed in such a situation upon the owner of stock in a state bank.   The liability sought to be imposed arises under sec. 221.42, Stats. 1931, as amended by ch. 10, Laws of Special Session 1931, which reads as follows:

"221.42.  *Liability of stockholders.*  The stockholders of every bank shall be individually liable, equally and ratably, not one for another, for the benefit of creditors of said bank to the amount of their stock at the par value thereof, in addition to the amount invested in said stock.   Such liability shall continue for six months after written notice to the commissioner of banking of any transfer of stock, as to the affairs of the bank at the time and prior to the date of the transfer. But persons holding stock as executors, administrators, guardians or trustees, and persons holding stock as collateral security, shall not be personally liable as stockholders, but the assets or funds in their hands constituting the trust shall be liable to the same extent as the testator, intestate, ward or person interested in such trust fund would be, if living, or competent to act, and the person pledging such stock shall be deemed the stockholder and liable under this section. Such liability shall accrue and become due and payable as to the stockholders of any bank forthwith, upon the commis-

sioner of banking taking possession of the property and business of such bank under the provisions of the statutes, and may be enforced by him, in an action brought in his name, in the circuit court of the county in which such bank is located. In the event of the liquidation of such bank, the stockholders who shall have discharged such additional liability shall, after the payment of expenses and the claims of creditors, be entitled to reimbursement on account thereof out of any remaining property of such bank before the same is distributed among its stockholders."

This controversy principally centers about the phrase in the statute which reads : "Such liability shall continue for six months after written notice to the commissioner of banking of any transfer of stock, as to the affairs of the bank at the time and prior to the date of the transfer." It is the position of the respondent, and it was the position of the trial court, that, the sole liability being statutory, its extent must be read out of the statute; that the statute makes no differentiation between transfers made for the purpose of avoiding the effect of the law, and those having other and purer motives; that the sole device adopted by the statute to discourage or deter transfers in fraud of the act is the six-months' provision; that this provision applies alike to all transfers regardless of their intent or purpose, and was intended to eliminate all questions concerning knowledge of the bank's insolvency, knowledge of transferee's financial responsibility, or intent to avoid the statutory liability. The trial court relied upon *Gager v. Paul,* 111 Wis. 638, 87 N. W. 875. There this court said, referring to a statute similar in form :

"The liability is limited to those who are creditors at the time of the transfer, and, if that liability were intended to be enforceable at any time within the ordinary period for bringing actions, the clause 'for a term of six months' would be meaningless. That clause can have but one significance, and that its obvious one,—namely, that at any moment within the specified period there exists a liability from the transferring stockholder to each and all of the defined class of creditors on which suit can be brought (the form of such

suit needing to be in compliance with the holdings of this court from *Coleman v. White,* 14 Wis. *700, to *Eau Claire Nat. Bank v. Benson,* 106 Wis. 624, 82 N. W. 604), and that after such six months he is not liable at all. Hence the only reasonable construction seems to be that, if a suit is commenced, while that liability exists, the creditors are entitled to recover, but, after such liability has expired, no action can be maintained or serve to revive it."

To this plaintiffs reply that the *Gager Case* did not involve any fraud, but simply the question whether the general statutes of limitation apply in case of a transfer, and that the rule governing this case is thus stated in *Lochner v. State,* 214 Wis. 109, 252 N. W. 695:

"The rule stated in the *Matteson Case* is subject to an exception which permits an assessment to be made against one who has fraudulently transferred his stock to another who is financially irresponsible, for the purpose of evading his liability as a stockholder."

This was said with reference to the rule in the federal courts, and was not necessary to a determination of the issues before the court. The federal statute is materially different from sec. 221.42. The transfer provisions in the federal act read as follows:

"The stockholders in any national banking association who shall have transferred their shares or registered the transfer thereof within sixty days next before the date of the failure of such association to meet its obligations, *or with knowledge of such impending failure,* shall be liable to the same extent as if they had made no such transfer, to the extent that the subsequent transferee fails to meet such liability." Title 12, USCA, § 64.

The federal act is stated disjunctively, and apparently all transactions within sixty days next before the date of failure, or with knowledge of impending failure, are void so far as the assessment is concerned. Prior to that the act continued liability upon transfer to a financially irresponsible person with intent to avoid liability. The federal act has thus ex-

pressly disposed of the contingency disclosed by the allegations of this complaint. Since sec. 221.42 has not done so, the precise question is whether it was not the legislative intent simply to set a time limit during which the liability of the transferor shall be extended, regardless of intent or purpose to avoid liability, thus making the whole question of intent immaterial.

It is our conclusion that this court cannot read into the Wisconsin statute what appears expressly in the federal statute. The liability is solely statutory, and the conditions under which the liability of a transferor is to exist after transfer are specifically provided by the act. The legislature evidently intended to avoid all of the difficult questions that are in every case under the federal act, Did the transferor know, or should he have known, of the insolvency of the bank or the financial irresponsibility of the transferee, and what was his intent? It was the purpose of this statute to extend the period of liability, regardless of intent, for a period of six months after notice of transfer. The 1933 statute, which extends this period to one year, fortifies this conclusion as to the legislative intent.

It is further contended by plaintiffs that the allegation that this was a "pretended" transfer sufficiently charges the transaction to have been purely colorable; that such a transfer, in contemplation of law, is no transfer at all, and that, whatever construction of the act be adopted, a pretended or purely colorable transfer would not be protected, even after the elapse of six months from the required notice. We do not find it necessary to express an opinion as to the effect of the statute upon a purely colorable transfer. The mere use of the adjective "pretended" cannot be regarded as characterizing the transfer as colorable when it appears without question from the whole paragraph that the sole vice which makes it a "pretended" transfer is the purpose to evade the liability imposed by sec. 221.42. The conclusion of the

pleader that defendant is the owner of the stock despite the transfer is based upon the same premise, and upon elementary rules of pleading cannot be regarded, either alone or in combination with the word "pretended," as a sufficient allegation that the transfer was purely colorable.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, without costs, on April 2, 1935.