BANKING COMMISSION, Appellant, vs. JORDAN, Executor, Respondent.

*September 11—October 7, 1941.*

510

511

For the appellant there were briefs by *Crownhart & Murphy* and *Harlan W. Kelley,* attorneys, and *J. H. Beuscher* and *S. E. Gavin, Jr.,* of counsel, all of Madison, and oral argument by *Mr. Beuscher* and *Mr. Gavin.*

For the respondent there were briefs by *Mistele & Smith* of Jefferson, and *Robert P. Ferry* of Lake Mills, and oral argument by *Mr. Ferry* and *Mr. Lynn H. Smith.*

FAIRCHILD, J.   In deciding upon what course to take in meeting the assessment levied against his stock by the officers of the bank, respondent had a right to rely upon the statutes in force at the time.   The question here to be decided is whether the stockholder's individual liability ever accrued. It did not come into existence under sec. 221.42, Stats., unless the banking commission took possession as required by that statute.   The court found that the commission advised and promoted an adjustment of the bank's difficulties but that it did not take possession of the bank.   To accomplish the stabilization a *pro rata* assessment was made by the officers of the bank against the stock and a contract arrangement was resorted to to provide for payment and cancellation of twenty

per cent of deposits. The stockholder had his choice between paying the *pro rata* assessment and surrendering his stock for sale. Under the agreement each depositor parted with twenty per cent interest in his deposits and became the holder of an interest in property to be administered by trustees according to the terms set forth in the stipulation. As depreciated assets were received at the value fixed in the trust indenture, the assigned deposit claims were to be canceled. The trial court must be sustained in its finding that there has been a complete performance of the terms and conditions of the contract and that as a result the claims are satisfied.

Appellant urges that a rule was laid down in *Schafer v. Bellin Memorial Hospital,* 219 Wis. 495, 264 N. W. 177, which requires a holding in this case that possession of the bank's property and business was taken by the commission. Possession was conceded by the pleadings in the *Bellin Case,* and the situation there considered is distinguishable in all material and controlling facts from that presented on this appeal. Here, although the commission assisted in working out a stabilization of the bank, it could do so without taking possession. *Corstvet v. Bank of Deerfield,* 220 Wis. 209, 222, 263 N. W. 687. Every consideration prompted such a course. The serious consequences resulting to stockholders from so positive an act as a taking over of the affairs of the bank by the commission, prevents the commission's usual and helpful acts in dealing with banks in its advisory capacity from being construed as a taking of possession. The stabilization and operation of the bank was under the control and supervision of the bank's officers. Undoubtedly, had the managers of the bank been unable to restore the impairment of capital by this voluntary process, the commission would have taken possession. Instead of that, however, the collection of $31,900 under the voluntary assessment, the reduction of deposit liability, and the satisfaction of twenty per cent of the deposit claims put the bank on a safe basis without the

necessity of accruing the double liability. Furthermore, sec. 220.08 (2), Stats., provides that on taking possession of a bank the commission "shall forthwith give notice of such fact to any and all banks or banking corporations holding or in possession of any assets of such bank or banking corporation." It is undisputed that no such notice was ever given.

It is considered that the contention of appellant that the formal approval issued June 29, 1934, by the Banking Commission after the effective date of sec. 220.07 (20), Stats. 1933, matured the liability, is not well taken. The reason is that an approval had already been given to the stabilization agreement at a time when the above section was not yet in effect. Such approval had to be given to render the stabilization effective. *Wausau M. P. Co. v. Citizens State Bank,* 214 Wis. 654, 254 N. W. 379. The Banking Commission knew all the facts, allowed the plan to be executed, and acquiesced in the bank's continuing business. Due consideration being given to the then prevailing practice of the commission in dealing with the stabilization of banks requires a recognition of the fact of approval by the commission long before the so-called approval in 1934 which was obtained for the sole purpose of enabling the bank to secure the benefits of an insurance feature provided by the Federal Deposit Insurance Corporation.

At the time of this transaction there was no requirement of a written approval nor would notice of the approval have to be given the parties to meet the requirements of due process. *Corstvet v. Bank of Deerfield, supra.* Therefore, an approval which took place in 1932 could not accrue a liability under a statute passed in 1933 which has been held not to be retroactive. *Banking Comm. v. Wiemann,* 223 Wis. 494, 271 N. W. 30.

Finally, the appellant has no remedy apart from the statutes regulating stock assessments and stockholder's liability.

Part of sec. 221.42, Stats., which continues the stockholder's liability after notice to the commissioner of a transfer was treated with in the case of *Cleary v. Bertrand,* 217 Wis. 622, 627, 258 N. W. 799. It was there held that the liability was solely statutory. The court said at page 627 :

"The liability is solely statutory, and the conditions under which the liability of the transferor is to exist after transfer are specifically provided by the act."

The case of *Shriver v. Woodbine Savings Bank,* 285 U. S. 467, 52 Sup. Ct. 430, 76 L. Ed. 884, is heavily relied on by appellant to support its contention that there is a common-law remedy to collect the liability even if none exists under the statutes. In that case a *pro rata* assessment had been made on the stockholders under an Iowa statute. The defendant's stock was sold to pay the assessment and suit was brought by the bank to collect the deficiency. The basis for the suit was a 1925 statute which provided that if the proceeds of a sale of stock were not sufficient to pay the stock assessment the stockholder was personally liable for the deficiency. That statute was attacked as being unconstitutional. The court held the statute constitutional on the ground the stockholder had not shown that no personal liability existed before the statute was passed and hence he had shown no deprivation of property without due process of law. In effect that decision was a holding that the statutory remedy—which on its face showed it was inadequate to compel full payment of the assessment—was not intended to be the exclusive remedy. There was no question about the existence of the right because all the conditions precedent to establish liability existed. That decision merely related to possible remedies and is therefore distinguishable from the case at bar which involves the very existence of the liability. Appellant's error is in assuming the right has accrued and that only a remedy need be found to enforce that right. The liability, as we have pointed

out, has not accrued. There can be no question about the enforcement of a right which does not exist.

*By the Court.*—Judgment affirmed.